before an act is to be done; or that the adverse party has a specified time, after notice or service, within which to do an act, [if service is made through the postoffice double the time specified is allowed]."

The section is applicable to the present situation. Matter of Smith, 58 Misc. Rep. 493, 111 N. Y. Supp. 1085. Section 1822 of the Code of Civil Procedure, which prescribes the statutory limitation relied upon in this case, is, of course, a part of the act mentioned in section 798. The latter section is in chapter 8, tit. 6, art. 3, which article is entitled "Service of Papers." Section 2538 of the Code of Civil Procedure is in chapter 18, tit. 2, which is entitled "Process and service thereof." Section 2538 enumerates certain portions of the act which are made applicable to Surrogates' Courts and to the procedure therein, "except where a contrary intent is expressed," etc. Among the portions enumerated is article 3, containing section 798. Notice of rejection of the claim was one step in the procedure essential to secure its determination in accordance with section 1822. All of which is commented upon by the learned surrogate in the case cited.

The question was not considered at all in Heinrich v. Heidt, supra, relied upon by the respondent's attorney. I think the claim of the defendant was not barred when she interposed it as a counterclaim. The judgment should be reversed.

Judgment reversed, and a new trial ordered before another referee, with costs to appellant to abide event. All concur; KRUSE and ROBSON, JJ., in result only.

---

MARTZ v. STATE NAT. BANK OF NORTH TONAWANDA.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1911.)

1. BANKS AND BANKING (§ 152*)—CERTIFICATE OF DEPOSIT—HUSBAND AND WIFE—SURVIVORSHIP.

A married woman deposited $7,800 of her own money in a bank, to the credit of herself and her husband, in their joint names, for the purpose of creating the right of survivorship in and to such money, and thereafter the sum of $6,900 was withdrawn and deposited in the bank, and a certificate of deposit issued to the husband and wife, payable to the order of themselves on the return of the certificate properly indorsed. *Held*, that the wife, surviving her husband, was the owner of the certificate, and that the estate of her deceased husband had no interest therein, nor in the moneys which it represented.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 152.*]

2. BILLS AND NOTES (§§ 220, 443*)—TRANSFER WITHOUT INDORSEMENT.

A negotiable instrument may be transferred without indorsement, so that the transferee becomes its owner and may maintain an action thereon in his own name.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 491, 1380; Dec. Dig. §§ 220, 443.*]

3. BILLS AND NOTES (§ 315*)—TRANSFER WITHOUT INDORSEMENT—EQUITIES AND DEFENSES.

A negotiable instrument transferred without indorsement is subject, in the hands of the transferee, to all the equities and defenses which the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

debtor had at the time of the transfer against the claim in the hands of the previous holder.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 315.*]

4. BILLS AND NOTES (§§ 220, 443*)—TRANSFER WITHOUT INDORSEMENT—CERTIFICATE OF DEPOSIT.

A certificate of deposit, payable to the order of a depositor on its return properly indorsed, may be transferred by the payee without his indorsement, and an action thereon maintained by the transferee in his own name.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. §§ 220, 443.*]

5. BILLS AND NOTES (§ 443*)—CERTIFICATE OF DEPOSIT—ACTION BY DEPOSITOR—JOINT PAYEES.

Plaintiff deposited her own money in defendant bank and received a certificate of deposit, payable to the order of herself and her husband on its return properly indorsed, the deposit having been made for the sole purpose of creating the right of survivorship in such money, and thereafter the husband died intestate. Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 71, provides that where an instrument is payable to the order of two or more payees, who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others. *Held,* that the wife, surviving, might maintain an action on the certificate without the indorsement of the husband or of his personal representative.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 443.*]

Appeal from Special Term, Niagara County.

Action by Anna Martz against the State National Bank of North Tonawanda. Interlocutory judgment for defendant, and plaintiff appeals. Reversed, and demurrer overruled, with leave to defendant to answer.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

James P. Lindsay, for appellant.
Norman D. Fish, for respondent.

ROBSON, J. The defendant is a duly organized and incorporated national bank located at North Tonawanda, and on the 29th day of July, on the deposit with it of the sum of $6,900, issued its certificate of deposit, of which the following is a copy:

$6900.00        The State National Bank, North Tonawanda, N. Y.
"Jul. 29, 1910.

Alfred and Anna Martz has deposited in this bank sixty-nine hundred and no/100 Dollars, payable to the order of themselves in current funds on the return of this certificate properly indorsed. In case this amount shall remain on deposit for a period of 6 months, interest on the same shall be allowed at the rate of 4 per cent. per annum, but no more than six months' interest shall in any event be paid on this certificate.

"Int. from July 5, 1910.
"Not over Seven Thousand # 7000 #
"No. 13465.        H. W. Clarke, Cashier."

Plaintiff's action is upon this certificate, and further material facts alleged in her complaint are that prior to the issuing of said certificate she had deposited with the defendant the sum of $7,800, of which she was then the owner, to the credit of plaintiff and her husband the said Alfred Martz, in the name of Alfred and Anna Martz, for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sole purpose of creating the right of survivorship in and to said moneys; that thereafter, and on or about the 29th day of July, 1910, the plaintiff and her said husband withdrew from said deposit the sum of $6,900 thereof and caused said defendant to issue therefor on that day the certificate above set forth for the purpose of creating and continuing in the plaintiff and her said husband the right of survivorship in and to said sum; that thereafter, and on or about August 6, 1910, and while said marriage relation between the plaintiff and her husband, the said Alfred Martz, still existed, her husband died intestate, leaving plaintiff him surviving; that thereafter, and on or about January 24, 1911, plaintiff indorsed said certificate in her own name, and for the purpose of obtaining the moneys represented thereby duly presented the same to defendant and demanded payment thereof, which was refused; and that defendant still neglects and refuses to pay the same.

Defendant demurred to the complaint upon the grounds that there is a defect of parties plaintiff, in that the personal representative of Alfred Martz is not joined as such party; that the complaint does not state facts sufficient to constitute a cause of action; and that the plaintiff has no legal capacity to sue, in that the certificate of deposit set forth in the complaint is made payable to the plaintiff and another person, and plaintiff cannot alone sue thereon.

[1] We are of the opinion that the court improperly sustained the demurrer. On the facts stated in the complaint, plaintiff, as survivor of the two payees named therein, became, on the death of her husband, the other payee, the owner of the certificate of deposit, and the estate of her deceased husband had no interest therein, nor in the moneys which the certificate represented. West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493, affirmed 194 N. Y. 518, 87 N. E. 1130. This seems to be conceded by defendant; but it is insisted in its behalf that, as stated in the certificate, it has agreed to pay the sum represented thereby only "on the return of this certificate properly indorsed," and the statute (Negotiable Instruments Law [Consol. Laws 1909, c. 38] § 71) prescribing, as did the common law before it, that "where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others," the indorsement of the personal representative of the deceased payee is necessary to comply with the specified condition upon which the bank agreed to pay the certificate.

[2, 3] But a negotiable instrument may be transferred without indorsement, and the transferee become its owner, and maintain an action thereon in his own name; it being, however, in such case subject to all the equities and defenses which the debtor had, at the time of the transfer, against the claim in the hands of the previous holder. Goshen National Bank v. Bingham, 118 N. Y. 349, 23 N. E. 180, 7 L. R. A. 595, 16 Am. St. Rep. 765. See, also, Negotiable Instruments Law, § 79. [4] That a certificate of deposit, payable as this was, to the order of the depositor on the return of the certificate properly indorsed, may be transferred by the payee without his indorsement,

and an action maintained thereon by the transferee, has been decided in Rivenburgh v. First National Bank, 103 App. Div. 64, 92 N. Y. Supp. 652, 93 N. Y. Supp. 410.

[5] Plaintiff owns the certificate as survivor; and her rights therein and title thereto are in no way dependent upon any transfer or indorsement of the certificate by her copayee, or his representative. If she, as survivor, had for value transferred this certificate to A. without her indorsement, it could scarcely be contended that A. would not have become its owner; and, if the owner, then certainly the case last cited is authority that he could maintain an action on it, though not indorsed by either payee. But, if an action could, under the circumstances supposed, be maintained by her transferee without the indorsement of either of the original payees, then certainly she could maintain any action on the certificate, which by her assignment she has the right to transfer to another.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with leave to defendant to answer within 20 days, upon payment of costs in this court and in the court below. All concur.