ALBERT MINTZER, Appellant, *v.* CARL M. LOEB, RHOADES & Co., Respondent, et al., Defendants.

First Department, February 23, 1960.

*Sam Rosenblum* of counsel (*Fixel & Rose,* attorneys), for appellant.

*Sheldon Oliensis* of counsel (*Joseph P. Conway* with him on the brief; *Cahill, Gordon, Reindel & Ohl,* attorneys), for respondent.

STEVENS, J.   In this action for breach of contract for failure to pay an alleged finder's fee, plaintiff appeals from a judgment entered July 14, 1959, in favor of defendant Carl M. Loeb, Rhoades & Co., and from an order of July 3, 1959, granting the defendants' motion to dismiss the complaint as to it and dismissing the same with prejudice.

On or about January 10, 1956, plaintiff commenced an action by the service of an unverified complaint.  April 1, 1957, plaintiff filed an amended and still unverified complaint adding a third defendant.

On January 3, 1958, the complaint was dismissed pursuant to rule 302 of the Rules of Civil Practice for failure to prosecute. November 20, 1958, plaintiff moved to vacate the dismissal. The motion was opposed primarily on two grounds — lack of merit and inexcusable delay.  December 5, 1958, the court disposed of the motion in a single word " denied ".  No appeal was taken therefrom.  Prior to the motion to vacate, and on July 17, 1958, plaintiff had examined one of the defendants at which examination all defendants were represented by counsel.  December 12, 1958, plaintiff commenced the present action by service upon Carl M. Loeb, Rhoades & Co.  Issue was joined by defendants' answer December 31, 1959.

Thereafter defendant Carl M. Loeb, Rhoades & Co. moved to dismiss the complaint and it is from the granting of that motion that plaintiff appeals.

Appellant urges that " a dismissal for failure to prosecute is not on the merits so as to bar a subsequent action on the same cause of action."

Respondent argues in support of the dismissal and judgment that plaintiff cannot evade the decision of December 5, 1958, and (1) the action is barred by direct or collateral estoppel, (2) *res judicata,* and (3) waiver and relinquishment.  Respondent contends that by making a motion to vacate the original default plaintiff squarely submitted to the court the issues of (1) merit or lack of merit in the complaint; and (2) whether he had abandoned or relinquished his claim.

A dismissal under rule 302 of the Rules of Civil Practice is not a dismissal on the merits (*Gundershein* v. *Bradley-Mahony Coal Co.*, 295 N. Y. 539, 541; *Loomis* v. *Girard Fire & Marine Ins. Co.*, 256 App. Div. 443). Where a case has been dismissed under rule 302 of the Rules of Civil Practice the remedy is not to move to restore to the calendar but to open the default (*Klein* v. *Vernon Lbr. Corp.*, 269 App. Div. 71; *Niewiadowski* v. *Kulp-Waco, Inc.*, 279 App. Div. 974). The issue then must turn upon the question whether a motion to open the default necessarily involves such consideration of the merits of the case that a denial of such motion is in effect a litigation of the matter so as to preclude any further independent action except an appeal therefrom.

Generally, the granting of a motion to open such default rests in the discretion of the court (*Schlesinger* v. *Springler-Van Beuren Estates*, 269 App. Div. 950) and such discretion is reviewable on appeal (*Dold* v. *County of Niagara*, 270 App. Div. 344 [where defendant made a motion to dismiss pursuant to Rules Civ. Prac., rule 156 and Civ. Prac. Act, § 181]). Although there must be an adequate showing of merits (*Gabrielson* v. *Brookhattan Trucking Co.*, 250 App. Div. 861), the relief is a matter of discretion. In passing upon the merits the court does not purport to determine the issues involved in the merits, but only to consider the substantiality of the issues for the purpose of extending discretionary grace.

'' There are two main rules of *res adjudicata*. One is that a judgment of a competent court, *on the merits,* is a bar to any future suit between the same parties or their privies upon the same cause of action. The other is that a point directly in issue and judicially passed upon in a judgment of a competent court, *on the merits,* cannot be again drawn in question in any future action between the same parties or their privies whether the cause of action is identical or not * * * a determination coming within the former rule. is a bar or complete defense, the cause of action being merged in the judgment and the scope of the estoppel being complete and all inclusive.'' (*Hollenbeck* v. *Ætna Cas. & Sur. Co.*, 215 App. Div. 609, 611 [emphasis supplied].)

'' A judgment [entered thereon] in one action is conclusive in a later one not only as to matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first (*Cromwell* v. *County of Sac,* 94 U. S. 351; *Reich* v. *Cochran, supra* [151 N. Y. 122]).''

(*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306, 307.) '' The decisive test is this, whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second.'' (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp., supra*, p. 308.)

Such '' A judgment is conclusive upon the parties only in respect to the grounds covered by it and the facts necessary to uphold it '' (*Donahue* v. *New York Life Ins. Co.*, 259 N. Y. 98, 102). It '' does not operate as an estoppel as to immaterial or unessential facts '' but only as to those facts '' which have such a relation to the issue that their determination was necessary to the determination of that issue '' (*Stokes* v. *Stokes,* 155 N. Y. 581, 592).

Applying the test heretofore referred to (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*), since the first cause of action was never litigated, no rights could be established thereby which are destroyed by the present action. Nor was the order of December 5, 1958 final as that term is used, for the motion could have been renewed on additional papers correcting the deficiency or supplying a meritorious cause or explaining the reasonableness of the delay. (Cf. *Matter of Franklin* v. *Franklin,* 295 N. Y. 431, which discussed whether a defendant was precluded from relying on a foreign decree by reason of his subsequent consent to a support order, and held that he was not precluded thereby.) Hence, it is clear that the issues in this case have not been litigated on the merits so as to estop or preclude the plaintiff from bringing the present action.

*Linton* v. *Perry Knitting Co.* (295 N. Y. 14) did not hold that the dismissal of a complaint in an earlier action which stood unreversed was a dismissal on the merits so as to preclude the bringing of another action. It expressly left the question open. In the earlier action the defendant had attacked the complaint on the grounds (1) '' the cause of action was barred by the Statute of Limitations and (2) the Workmen's Compensation Law of the State of New York provided the exclusive remedy of the plaintiff and the exclusive liability of the defendant '' (p. 17). The court pointed out that the Workmen's Compensation objection '' went to the sufficiency of the earlier complaint as the statement of a cause of action '' (p. 17), that the complaint then before the court was virtually a copy of its predecessor, and concluded as to the effect of the earlier determination that '' Such a determination, whether right or wrong, is a bar to another action for the same cause, *unless the defects or omissions adjudged to be present in the one action* are corrected or supplied by the pleadings in the other '' (p. 17) (emphasis supplied),

citing *Joannes Bros. Co.* v. *Lamborn* (237 N. Y. 207) where a demurrer to a complaint was sustained without leave to plead over and the complaint dismissed, and the new complaint exhibited the same case as the complaint earlier passed upon.

The affidavit of merits required on a motion to open a default under rule 302, is a prerequisite to a consideration of the application by the court but is not necessarily determinative. It may serve as a guidepost or even be some basis for the judicial determination, but it could as effectively be disregarded if the court determined there was submitted proof otherwise sufficient to warrant the exercise of its judicial judgment.

Dismissal of a prior action for failure to prosecute is not such dismissal as would bar the institution of a new action for the same relief (*Bliss* v. *Omnibus Corp.*, 169 Misc. 662, 664); nor is a dismissal for failure of plaintiffs to appear a dismissal on the merits (*Harris* v. *Harris,* 246 App. Div. 667); or a dismissal for lack of jurisdiction over the person (*Weissman* v. *Euker,* 1 A D 2d 30). Under the facts of this case section 482 of the Civil Practice Act applies, and not section 23 of the Civil Practice Act, which is "concerned with the Statute of Limitations and does not bar another action for the same relief where such action is brought within the statutory period and the prior action has not been dismissed upon the merits." (*Bliss* v. *Omnibus Corp.,* 169 Misc. 662, 664, *supra*; *Loomis* v. *Girard Fire & Marine Ins. Co.,* 256 App. Div. 443, *supra*; *Holland* v. *Schwartz,* 259 App. Div. 1083; cf. *Pomerantz* v. *Cave,* 10 A D 2d 569.)

The action is not *res judicata* for there was no determination on the merits. Consequently there is neither direct nor collateral estoppel of the plaintiff. The pretrial activity of the plaintiff negatives the idea of waiver or relinquishment by the plaintiff of any rights he might have had.

The order and judgment appealed from should be reversed, on the law and on the facts, the motion denied, and the judgment directed to be vacated, with costs to the appellant.

BOTEIN, P. J., BREITEL, M. M. FRANK, and McNALLY, JJ., concur.

Judgment and order appealed from unanimously reversed upon the law and upon the facts, the motion denied, and judgment directed to be vacated, with costs to the appellant.