Armende LESSER, Claimant, Appellant-Appellee,

v.

Morris MIGDEN, Trustee, Appellee-Appellant.

In the Matter of Mike MISUIRELLO, Bankrupt.

No. 28544.

United States Court of Appeals
Second Circuit.

Argued Dec. 11, 1963.

Decided Feb. 24, 1964.

**48**

Milton Gurwitz, New York City, Armende Lesser, New York City, pro se, on the brief, for appellant-appellee.

Jacob F. Gottesman, New York City, for appellee-appellant.

Before CLARK,* SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Appellant Armende Lesser filed a two-part claim in bankruptcy against the estate of Michael Misuirello. The first part of the claim is based on a series of 21 notes of the M. A. M. Realty Corporation, and endorsed prior to delivery by Misuirello individually. The second part of the claim is based upon a series of 23 notes of Irving Kell, also endorsed by Misuirello individually. The Referee in Bankruptcy granted the Trustee's motion to expunge Lesser's entire claim, holding that Misuirello had been discharged on the Kell notes and that suit on the M. A. M. notes was barred by *res judicata*. The United States District Court for the Southern District of New York, David N. Edelstein, J., entered an order sustaining the Referee's decision on the M. A. M. notes, but reversing and remanding Lesser's claim on the Kell notes for further factual findings. Lesser appeals from that part of the District Court's order which sustains the expungement of his claim on the M. A. M. notes, while the Trustee has cross appealed from that part of the District Court's order which reverses and remands to the Referee the claim on the Kell notes.

APPEALABILITY

■■ We are faced with the threshold question of our jurisdiction to hear this appeal. The District Court's order, partially sustaining the Referee's decision and partially reversing and remanding the case for further evidence, is interlocutory in character, for it did not terminate the litigation or finally determine the rights of the parties. Hillcrest Lumber Co. v. Terminal Factors, Inc., 281 F.2d 323, 325 (2 Cir. 1960). Section 24, sub. a of the Bankruptcy Act vests this court with jurisdiction to hear appeals from only those interlocutory orders entered in "proceedings in bankruptcy"; interlocutory orders entered in "controversies arising in proceedings in bankruptcy" are not appealable without some jurisdictional basis, independent of the Bankruptcy Act. Hillcrest Lumber Co. v. Terminal Factors, Inc., supra. However, not every interlocutory order entered in a "proceeding in bankruptcy" is automatically appealable. The order must dispose of some asserted right, and an order which is not "a formal exercise of judicial power affecting the asserted rights of a party" is not appealable. 2 Collier on Bankruptcy 792 (14th ed. 1962).

■ That part of the District Court's order which reverses the Referee because his findings were not supported by the record and which remands the matter to him for further evidence is not appealable even if entered in the course of a bankruptcy proceeding, for it does not determine with finality any substantive issue in dispute between the parties. Dutch American Mercantile Corp. v. Eighteenth Ave. Land Co., 302 F.2d 636 (2 Cir.1962). The Trustee's cross appeal is dismissed.

■ On the other hand, that part of the order which expunges Lesser's claim as to the M. A. M. notes does determine with finality a substantive issue in dispute between the parties. And it was entered in a "proceeding in bankruptcy,"

---

* Judge Clark heard argument in this case, but died before this opinion was prepared.

for it concerns an administrative question between the bankrupt and a creditor in the ordinary course of administration of the bankrupt's estate. See 2 Collier on Bankruptcy 737, 738 (14th ed. 1962). It is therefore appealable under § 24, sub. a, and we must turn to the merits.

## RES JUDICATA

Michael Misuirello, the bankrupt, was the president and sole stockholder of the M. A. M. Realty Corporation. On July 28, 1958 the corporation issued a series of 21 promissory notes of $125 each, payable to Lesser. Misuirello signed the notes on the face as president of the corporation, and personally endorsed them on the back prior to delivery to Lesser. Lesser then endorsed and assigned the notes to Henry Sylvern. The first four notes were paid, but the M. A. M. Corporation defaulted on the remainder. In January of 1959 Sylvern brought suit in the Municipal Court of the City of New York against the M. A. M. Corporation and the bankrupt. However, the bankrupt was not served and did not appear as a party to the action in his individual capacity. But he did appear as a witness for the M. A. M. Corporation and controlled M. A. M.'s defense. The M. A. M. Corporation set up three defenses. The substance of the first and second defenses was that the notes were secured by fraud and without consideration; the substance of the third defense was that Lesser and Sylvern had agreed to hold the M. A. M. Corporation harmless on the notes. The M. A. M. Corporation also impleaded Lesser pursuant to § 193-a of the New York Civil Practice Act. In its third party complaint the M. A. M. Corporation asked that if judgment were rendered in favor of Sylvern on the notes, M. A. M. Corporation should recover the amount of the judgment from Lesser. Lesser denied all of the allegations in the third party action.

After a two day trial, the Municipal Court dismissed Sylvern's complaint with the following cryptic comment:

"During the trial, Plaintiff's attorney promised to submit further evidence to prove his case. This, he failed to do. In addition, the Plaintiff, Henry Sylvern, failed to appear and testify at the trial."

Though it is impossible to tell the grounds for the decision, the dismissal of the complaint by the Municipal Court operated as a judgment on the merits since there was no indication in the decision that the dismissal, which came after a full trial, was without prejudice. N.Y.Civ.Prac.Act § 482.[1] M. A. M.'s third party complaint against Lesser was dismissed with the following explanation:

"I deny the motion of the third party defendant Armende Lesser to dismiss the complaint of the third party plaintiff, M. A. M. Realty Corporation, and since there has been no recovery by the Plaintiff Henry Sylvern against the Defendant M. A. M. Realty Corporation, the complaint of the defendant-third party complainant M. A. M. Realty Corporation is, therefore, dismissed against the third party defendant Armende Lesser."

The decision was affirmed without opinion by the Appellate Term of the Supreme Court, First Department, and no further appeal has been taken.

---

1. Section 482 of the New York Civil Practice Act, which is now embodied in Rule 5013 of the New York Civil Law and Rules, provided:

"*Effect of judgment dismissing complaint.* A final judgment dismissing the complaint before the close of the plaintiff's evidence does not prevent a new action for the same cause of action, unless it expressly declares that it is rendered upon the merits. A dismissal of a complaint or a counterclaim at the close of the plaintiff's or defendant's evidence, as the case may be, or a dismissal of a complaint or counterclaim at the close of the whole evidence, is a final determination of the merits of the cause of action and bars a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice."

After termination of the Sylvern action, Lesser reacquired the notes and instituted suit against the M. A. M. Corporation in the Municipal Court of the City of New York. Misuirello was not named as a party to this action, which was never noticed for trial and was dismissed for lack of prosecution by order of the court. However, New York law is quite clear that a dismissal for failure to prosecute is not an adjudication on the merits and is not a bar to further litigation. See e. g. Mintzer v. Carl M. Loeb, Rhoades & Co., 10 A.D.2d 27, 197 N.Y.S.2d 54 (1960).

The District Court found privity between Lesser and Sylvern, and between the M. A. M. Corporation and its president and sole stockholder, Misuirello. Since an existing final judgment upon the merits by a court of competent jurisdiction is conclusive of the rights of the parties or their privies in all subsequent actions on the issues adjudicated in the first suit,[2] and since the dismissal of the Sylvern suit established that the M. A. M. Corporation was not liable to Sylvern on the notes, the District Court concluded that Lesser's claim on the notes was *res judicata*.

Lesser raises two very confused points on this appeal. We find no merit in either and affirm the District Court's order as to the M. A. M. notes.

Appellant first contends that the Municipal Court's dismissal of M. A. M. Corporation's third party complaint filed against him in the Sylvern suit resolved all the allegations of the third party complaint against the M. A. M. Corporation. But M. A. M.'s third party complaint asked for indemnification from Lesser in the event that Sylvern recovered on the notes, and the third party complaint was dismissed only because there was no recovery on the notes. Lesser's motion to dismiss the third party complaint was denied. Even if this far fetched proposition were established, it is difficult to see the relevance of negativing the allegations of the third party complaint to the Trustee's defense of *res judicata*.

Appellant's second contention is also based on an irrelevant misconception. Lesser argues that § 202 of the New York Negotiable Instrument Law, McKinney's Consol.Laws, c. 38,[3] allows him to avoid the bar of *res judicata* by remitting him to his former rights with regard to the notes. But § 202 was hardly intended to permit an endorser to escape the bar of *res judicata* when he reacquires notes that have been unsuccessfully sued on by a subsequent holder. That section is concerned with an entirely different problem—regulation of renegotiation after a note is paid by a party secondarily liable on it.

Lesser reacquired the notes from Sylvern with notice that the maker had a good defense as to Sylvern and without Sylvern's endorsement. It is clear that Lesser is simply Sylvern's transferee rather than a holder in due course, and as a transferee he is subject to all the equities and defenses which the M. A. M. Corporation had against Sylvern. Goshen National Bank v. Bingham, 118 N.Y. 349, 23 N.E. 180, 7 L.R. A. 595 (1889); Martz v. State National Bank, 147 App.Div. 250, 131 N.Y.S. 1045 (1911). The Municipal Court action established that M. A. M. Corporation had

2. Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48–49, 18 S.Ct. 18, 42 L.Ed. 355 (1897); Brown v. Brown, 74 App.D.C. 309, 122 F.2d 219, 220 (1941); Good Health Dairy Products Corp. of Rochester v. Emery, 275 N.Y. 14, 17, 9 N.E.2d 758, 112 A.L.R. 401 (1937).

3. "§ 202. Right of party who discharges instrument
"Where the instrument is paid by a party secondarily liable thereon, it is not discharged; but the party so paying it is remitted to his former rights as regards all prior parties, and he may strike out his own and all subsequent indorsements, and again negotiate the instrument, except:
"1. Where it is payable to the order of a third person, and has been paid by the drawer; and
"2. Where it was made or accepted for accommodation, and has been paid by the party accommodated."

a good defense to Sylvern; hence Misuirello, whose privity with the M. A. M. Corporation is not disputed on this appeal, has a good defense to Lesser.

The District Court's order expunging Lesser's claim on the M. A. M. notes is affirmed.