529 F.2d 1272
 In re HOMER ARTH WELL NO. 1, a limited partnership, et al.,
Bankrupt.
Francis H. BURKHART, Trustee-Appellee,
v.
ENNEY OILFIELD RENTAL COMPANY, Claimant-Appellant.
 No. 75--1816.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 2, 1975.
Decided Feb. 16, 1976.
 
 Jack R. Pigman, Jr., John C. Hartranft, Wright, Harlor, Morris & Arnold, Columbus, Ohio, John T. Wigham, Critchfield, Critchfield, Critchfield & Johnston, Wooster, Ohio, for claimant-appellant.
 John C. Elam, Robert W. Werth, Vorys, Sater, Seymour & Pease, Columbus, Ohio, Francis H. Burkhart, Trustee, Miller, Pfeifer, Burkhart & Batross, Zanesville, Ohio, for trustee-appellee.
 Before PHILLIPS, Chief Judge, and CELEBREZZE and MILLER, Circuit Judges.
 WILLIAM E. MILLER, Circuit Judge.
 
 
 1
 This is an appeal from two orders entered by the district judge in a bankruptcy proceeding involving 109 limited partnerships.[1] The first order vacated the appointment of Robert H. Alexander as trustee of the limited partnership estates and the second appointed Francis H. Burkhart as trustee.
 
 
 2
 The first meeting of creditors for the bankrupt partnerships was held before the bankruptcy judge on May 9, 1975. At that meeting only two creditors attempted to vote in the election of a trustee--appellant Enney Oilfield Rental Company, which nominated Alexander for appointment, and James Stubbins, trustee in bankruptcy for Western Exploration, Inc., the bankrupt general partner of each of the limited partnerships.[2] Stubbins nominated Burkhart for the appointment. A standoff was thus created and since the creditors had failed to elect a trustee, the bankruptcy judge by formal order of May 9, 1975, appointed Alexander as trustee pursuant to Bankruptcy Rule 209(a), vesting in the court power to make the appointment should the creditors fail to elect. In appointing Alexander, the bankruptcy judge stated that he was declining to appoint Burkhart because he was concerned about whether 'the trustee of Western Exploration, Inc., ought to be in the position of selecting a trustee at all for the limited partnerships' and that he did not believe that it would be advisable to have a trustee who owed 'allegiance for his appointment to Mr. Stubbins.'
 
 
 3
 On May 13, 1975, Stubbins and his counsel met with the district judge. Later that same day the district judge, pursuant to Bankruptcy Rule 102(b), withdrew from the bankruptcy judge the reference of each of the limited partnership bankruptcy cases. The order of withdrawal is not questioned on appeal.
 
 
 4
 On May 14, 1975, at 8:45 a.m., Alexander filed his bond with the clerk in the amount of $25,000.00 as fixed by the bankruptcy judge. At 11:23 a.m. on the same date the district judge entered an order purporting to 'vacate' Alexander's appointment as trustee. The same order directed that Alexander's bond be stricken from the files. This order was entered without a hearing or notice to Alexander, Enney, or any other creditor.
 
 
 5
 On May 19, 1975, the district judge entered the second order appealed from appointing Burkhart as trustee and fixing his bond at $25,000.00. A few minutes after entry of this order on May 19, 1975, Burkhart filed a $25,000.00 bond bearing the earlier date of May 13, 1975. The appointment of Burkhart was also made without a hearing or notice to Enney or other creditors. After Burkhart's appointment, Enney filed the present appeal.
 
 
 6
 Prior to a consideration of the merits of Enney's appeal, we must first determine whether the orders to which Enney objects are appealable. While recognizing that Bankruptcy Act § 24(a), 11 U.S.C. § 47(a), appears to grant appeals from interlocutory orders in 'proceedings in bankruptcy' as of right,[3] Burkhart argues that courts interpreting § 24(a), including this Court, have found that not all interlocutory orders are appealable. Citing In re Charmar Investment Co., 475 F.2d 560 (6th Cir. 1973), and Lesser v. Midgen, 328 F.2d 47 (2nd Cir. 1964), he points out that 'an order which is not a 'formal exercise of judicial power affecting the asserted rights of a party' is not appealable.' 2 Collier on Bankruptcy P24.39(1); 475 F.2d at 563; 328 F.2d at 48. It is therefore insisted that the orders in the present case are not appealable because they determine no substantial rights of Enney and do not prejudice it in any way. The allowance of an appeal from these orders would, it is further argued, offend the policy of expediting the administration of bankruptcy estates on which the judicial exception to § 24(a) is based.
 
 
 7
 We hold that the orders are appealable. The language from Collier on Bankruptcy on which both parties rely provides:
 
 
 8
 Although § 24(a) grants an appeal from interlocutory orders in 'proceedings in bankruptcy' as of right, this does not mean that every order entered in the course of the proceeding is appealable. . . . Nevertheless, due regard for the efficiency of administration and dispatch of legal proceedings necessitates a common-sense interpretation of § 24(a) that limits the right to appeal within reasonable bounds. Otherwise, 'if every order were reviewable, proceedings could easily be so tied up and prolonged that the situation would become intolerable.'
 
 
 9
 It is clear that to be appealable an interlocutory order must have the character of a formal exercise of judicial power affecting the asserted right of a party; that is, it must substantially determine some issue or decide some step in the course of the proceeding.
 
 
 10
 2 Collier on Bankruptcy P24.39(1). (footnotes omitted)
 
 
 11
 The orders under consideration possess all of the characteristics of a formal exercise of judicial power. In addition, they affect asserted rights of Enney. For while no creditor has a right to appointment of a particular trustee, a creditor does have an interest in the method by which the trustee is appointed or removed and a right to insist that the appointment or removal be made in accordance with applicable bankruptcy rules. Further, the orders did 'substantially determine some issue' since they decided the identity of the trustee. Under the circumstances of this case we are persuaded that the statutory policy of allowing appeals should prevail over the policy of expediting bankruptcy proceedings.
 
 
 12
 Our decision that the orders are appealable appears to us consistent with the bulk of the case law regarding appeals concerning the appointment and removal of trustees in bankruptcy. See In re Freeport Italian Bakery, Inc., 340 F.2d 50 (2d Cir. 1965); Manhattan Shirt Co. v. Tomlinson, 327 F.2d 449 (9th Cir. 1964); Sloan's Furriers, Inc. v. Bradley, 146 F.2d 757 (6th Cir. 1945); In re F.P. Newport Corp., 93 F.2d 630 (9th Cir. 1937); In re Judith Gap Commercial Co., 298 F. 89 (9th Cir. 1924); In re Flexible Conveyor Co., 156 F.Supp. 164 (N.D.Ohio 1957).
 
 
 13
 We turn to the merits of appellant's contentions. Appellant Enney argues that the district court failed to comply with Bankruptcy Rule 221(a) in removing Alexander without notice and a hearing and without giving any cause or reason for his removal. Bankruptcy Rule 221(a)[4] provides:(a) Removal for Cause. On application of any party in interest or on the court's own initiative and after hearing on notice, the court may remove a trustee or receiver for cause and appoint a successor.
 
 
 14
 We are unable to agree with Burkhart's position that the district court's orders may not correctly be characterized as orders of 'removal' of a trustee and appointment of a successor so as to invoke the requirements of Rule 221(a) as to notice and hearing. The predicate for Burkhart's position is that the district judge did not in fact 'remove' Alexander as trustee but simply 'vacated' his appointment before he had qualified. It is said that his qualification had not been completed because, although Alexander tendered a $25,000 bond for filing, the approval of the sufficiency of the bond required by Bankruptcy Rule 212[5] before a trustee enters on the performance of his duties was never obtained. It is on the basis of this reasoning that the contention is made that Rule 221(a) does not apply to the present situation.
 
 
 15
 It is clear to us that the order of May 14, although formulated, in terms, as one 'vacating' the order appointing Alexander, is in fact an order removing him from the office for which he had fully qualified. Whether or not Bankruptcy Rule 221(a) applies only after a trustee has fully qualified, we think it is unanswerable in this case that Alexander had in fact properly qualified as trustee before the district judge's order of May 14 was entered. Contrary to Burkhart's contention that no approval of the sufficiency of the bond was obtained, we find that approval of the amount of the bond was given when the bankruptcy judge fixed the amount at $25,000.00 while the cases were still pending before him. Approval of the surety on the bond, American States Insurance Company, had also been accomplished in advance by virtue of local rule of the district court.[6] Rule 212 also requires the 'filing' of the bond as a necessary precondition to complete qualification. This step was also taken by Alexander before the district judge's order of May 14 was entered. This fact was recognized by the district judge himself in directing that Alexander's bond be stricken from the files.
 
 
 16
 As Alexander had thus fully qualified, we find that the May 14th order must be treated as an order of removal and therefore void and ineffective since the notice, hearing, and removal for cause requirements of Rule 221(a) were totally ignored. As Alexander's removal was invalid, it follows that the order of May 19 purporting to appoint his successor was also a nullity.
 
 
 17
 The orders of the district judge (1) vacating the appointment of Alexander as trustee, and (2) appointing Burkhart as trustee and fixing his bond at $25,000.00 are therefore vacated and the action is remanded to the district court for further appropriate proceedings.
 
 
 
 [1]
 Each limited partnership had as a general partner Western Exploration, Inc., which held the working interest in a single oil well as its principal asset
 
 
 [2]
 Western had been adjudicated a bankrupt in June, 1974, pursuant to a creditor's petition against it. On December 2, 1974, Enney filed a creditor's petition against the limited partnerships and on January 21, 1975, the limited partnerships were adjudicated bankrupt
 
 
 [3]
 Bankruptcy Act § 24(a), 11 U.S.C. § 47(a), provides in part:
 The United States courts of appeals, in vacation, in chambers, and during their respective terms, as now or as they may be hereafter held, are invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdictions in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affair, revise, or reverse, both in matters of law and in matters of fact: Provided, however, That the jurisdiction upon appeal from a judgment on a verdict rendered by a jury shall extend to matters of law only: . . .
 
 
 [4]
 Bankruptcy Rule 221(a) is derived from Bankruptcy Act, § 2(a)(17), 11 U.S.C. § 11(a)(17), which empowers the district court to:
 (17) Approve the appointment of trustees by creditors or appoint trustees when creditors fail so to do; and, upon complaints of creditors or upon their own motion, remove for cause receivers or trustees upon hearing after notice;
 
 
 [5]
 Bankruptcy Rule 212 provides in pertinent part:
 (a) Qualifying Bond or Security. Except as provided hereinafter, every trustee and every receiver shall, before entering upon the performance of his official duties and within 5 days after his election or appointment, qualify by filing a bond in favor of the United States conditioned on the faithful performance of his official duties or by giving such other security as may be approved by the court.
 (e) Amount of Bond and Sufficiency of Surety. The court shall determine the amount of the bond and the sufficiency of the surety for each bond filed under this rule.
 (g) Evidence of Qualification. A certified copy of the order approving the bond or other security given by a trustee or receiver under subdivision (a) or of his acceptance filed under subdivision (d) of this rule shall constitute conclusive evidence of his qualification.
 
 
 [6]
 Rule 3.3.1 of the Rules of Practice of the United States District Court for the Southern District of Ohio provides:
 
 
 [3]
 3.1 Bond Requirements in General. In all civil actions, criminal proceedings and bankruptcy proceedings, the clerk shall accept as surety upon bonds and other undertakings a surety company approved by the Treasury Department, cash or an individual personal surety residing within this district. Any personal surety must qualify as the owner of real estate within this district of the full net value of twice the face amount of the bond. Attorneys or other officers of this court shall not serve as sureties
 American States Insurance Company was approved by the Department of the Treasury when Alexander filed his bond and remains approved. See 39 Fed.Reg. 26361, 26364, Department of Treasury Circular 570, Surety Companies Acceptable on Federal Bonds, 1974 Revision.