## In re WITTHOFT.

### PRUDENTIAL LIFE INS. CO. OF AMERICA v. WITTHOFT.

#### Nos. 6313, 6360.

Circuit Court of Appeals, Seventh Circuit.

Aug. 12, 1938.

George E. Drach and Wallace T. Filson, both of Springfield, Ill., for appellant.

Luther B. Bratton, of Kankakee, Ill., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

This is an appeal from an order entered in the course of proceedings under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. Appellant is a creditor of the debtor, holding a mortgage on his farm which had been foreclosed prior to the institution of the proceeding, although a master's deed had not then issued. In its brief appellant stated that the only question involved was: "May the District Court * * under any provision of Section 75 of the Bankruptcy Act as amended, 11 U.S.C.A. § 203, or otherwise, restrain appellant from the use and control of real property, which property the appellant had acquired prior to the filing of the petition for possession, the said property having been acquired by a Master's Deed, which was issued after the expiration of the redemption period and pursuant to a final foreclosure decree of a state court of competent jurisdiction, and issued and delivered by authority of a previous order of the United States District Court authorizing such Deed, from which Order of the District Court no appeal was taken or prayed?" When the case was called for hearing, since it appeared that the question as stated above by appellant would be controlled by the decision of the case of Wright v. Union Central Life Insurance Company, 304 U.S. —, 58 S.Ct. 1025, 82 L.Ed. —, then pending before the Supreme Court, it was held for decision until the decision of that case.

On May 31, 1938, the Supreme Court announced its decision of the Wright Case upholding the constitutionality of section 75(s), 11 U.S.C.A. § 203(s), and the jurisdiction of the court of bankruptcy over lands as to which the period of redemption had not expired prior to a farmer-debtor's petition for adjudication in bankruptcy. Upon our study of the record in this case, however, we find that the question presented is not as stated by appellant, but instead that the appeal is from the following order, entered by the District Court on June 16, 1937:

"It Is Ordered that this cause be and the same is hereby continued until the first day of November, 1937, for disposition; that in the meantime the existing status with regard to title and possession be preserved without transfer, change or modification."

Appellant contends that in continuing the debtor in possession of the land, a deed to which it had already received, the

court in effect confirmed and upheld an order of a Conciliation Commissioner which it had petitioned the court to review. We do not so interpret the order. It merely continued the existing status for a period of four and a half months pending disposition of the petition for review. Appellant does not argue that the continuance was an unduly long one, hence an abuse of discretion on the part of the court. Its contention is that the effect of the order was to confirm the action of the Commissioner. But final action had not been taken by the court. Contrary to appellant's contention, it is conceivable that the court might have ruled in its favor upon final disposition of the cause. The effect of the order was simply to leave the matter open for determination at a later date. Such an order lacks the element of finality necessary for appeal. Certainly it does not raise the one question appellant presents to us. A temporary, limited continuance of the status with regard to title and possession of property to enable the court to study questions raised cannot be said to constitute an adjudication of those questions. Of course, it is conceivable that such continuance might be for such an extended period as to constitute an abuse of judicial discretion, but that question is not presented to us here.

The appeal is dismissed.