# W. CECIL SISSON MORTGAGE COMPANY, Appellant,

## v.

# HOUSTON SHELL & CONCRETE, DIVISION OF McDONOUGH COMPANY, Appellee.

## No. 17175.

United States Court of Appeals
Fifth Circuit.

June 17, 1958.

Thad Grundy, Hutcheson, Taliaferro & Hutcheson, Houston, Tex., for W. Cecil Sisson Mortgage Co., appellant.

Bettye J. Lambert, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and JONES and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging that an order [1] entered pursuant to General Order 47 [2] in Bankrupt-

[1] "On this the 19th day of December, 1957, there came on for consideration by the Court the Petition for Review filed herein by Houston Shell & Concrete, a division of McDonough Company, creditor of said debtor, from the Order of the Referee in Bankruptcy dated June 6, 1957, denying said creditor's claim as a secured claim based upon Constitutional and Statutory Materialman's Lien against real property owned by debtor corporation and allowing said claim as an unsecured claim against the estate of debtor corporation in the amount of $9,-092.85, and it appearing to the Court from the pleadings herein, the transcript of the evidence and exhibits, that said matter should be returned to the Referee in Bankruptcy for further proceedings for the taking of evidence on the questions raised by petitioner and objecting creditor, and thereafter to enter his findings of fact and conclusions of law and order thereon.

"It Is Therefore Ordered, Adjudged and Decreed that the Certificate of the Referee in Bankruptcy be set aside and said matter be returned to the Referee for further proceedings for the taking of evidence on the questions raised by petitioner and objecting creditor, and thereafter said Referee is directed to enter his findings of fact and conclusions of law and order on said claim."

[2] General Order 47 in Bankruptcy, 11 U.S. C.A. following Section 53:
"Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." As Amended 1939.

ey was final and appealable, appellant, a mortgage creditor, is here seeking reversal of the order of the district judge and the affirmance of the order of the referee.

The appellee moves to dismiss the appeal on the ground "that this court lacks jurisdiction over this appeal for the reason that the order entered by the district court is not a 'final' order within the provisions of the Bankruptcy Act, 11 U.S. C.A. Sec. 47, allowing appeals in bankruptcy matters, and shown upon its face that it is not an appealable order under any provisions of the said section."

For the reasons briefly stated and upon the authorities cited below [3] we agree that this is so and that the appeal must be dismissed.

It is, of course, conceded that the appeal is not from the order of the referee but from that of the district judge and that it is the district judge's and not the referee's order the finality or lack of finality of which we are considering.

Under General Order 47, it was for the district judge and the district judge alone to determine the nature and character of the order to be entered by him, whether final or interlocutory. Equitable Life Insurance Society of U. S. v. Carmody, 8 Cir., 131 F.2d 318, at pages 322–323.

Concluding that upon the record before him the proper order for him to make was not to finally adopt, modify, or reject the report in whole or in part, but to recommit the matter to the referee for further proceedings, he entered the order attempted to be appealed from, an order which, as we pointed out in City of Fort Lauderdale v. Freeman, supra, is not dispositive but purely procedural and interlocutory, and therefore not appealable.

Appeal dismissed.

---

3. Petersen v. Sampsell, 9 Cir., 170 F.2d 555; City of Fort Lauderdale v. Freeman, 5 Cir., 197 F.2d 122; Duryea Power Co. v. Sternbergh, 218 U.S. 299, 31 S.Ct. 25, 54 L.Ed. 1047; Universal Oil Products Co. v. Cosden Petroleum Corp., 5 Cir., 178 F.2d 495; Robinson v. Elder, 9 Cir., 78 F.2d 817; Buffum v. Maryland Cas. Co., 9 Cir., 77 F.2d 761; De Laney v. City Inv. Co., 10 Cir., 224 F. 2d 808.