HILLCREST LUMBER CO., Inc., and Doran Lumber Corp., Petitioners-Appellees,

v.

TERMINAL FACTORS, INC., Respondent-Appellant.

Nos. 293, 294, Docket Nos. 25683, 25684.

United States Court of Appeals Second Circuit.

Argued June 6, 1960.

Decided Aug. 2, 1960.

**324**

I. Louis Kottler, Brooklyn, N. Y., for appellant.

Max Ornstein, New York City, for appellees.

Before LUMBARD, Chief Judge, and CLARK and FRIENDLY, Circuit Judges.

CLARK, Circuit Judge.

The petitioners-appellees, Hillcrest Lumber Co., Inc. and Doran Lumber Corp., are debtors in arrangement proceedings under Bankruptcy Act, c. XI, § 301 et seq., 11 U.S.C. § 701 et seq., initiated in December 1952. At that time respondent, Terminal Factors, Inc., claimed a lien on certain lumber owned by the debtors and held under warehouse receipt. In July and September 1953, upon petitions by the respective debtors, the Referee in Bankruptcy authorized the sale of the lumber and ordered "that out of the proceeds of the aforementioned sale, all terminal charges shall be paid and the balance remaining shall be paid over and held by Terminal Factors Inc. subject to the summary jurisdiction of this Court, and the right of the Referee in Bankruptcy herein to adjudicate all issues with respect to the validity and extent of the lien claims of Terminal Factors Inc. and any other lien or claim asserted by any other person, without prejudice to the rights of any party to the aforesaid lumber or the proceeds of the sale thereof, it being the intention to transfer any and all claims or liens from the aforesaid lumber to the net proceeds of the sale thereof." The sale was duly made and respondent holds the net proceeds.

On March 1, 1958, the debtors, contesting the validity of respondent's liens, commenced a summary turnover proceeding to compel it to turn over the proceeds derived from the sale. The respondent moved for judgment on the pleadings, Fed.R.Civ.P. 12(c), on the ground that § 11e of the Bankruptcy Act, 11 U.S.C. § 29(e), bars the institution of such proceeding upon the expiration of two years from the approval of

the petition for an arrangement. The Referee granted the motion, and the debtors filed a petition for review in the court below. Judge Rayfiel held that the orders authorizing sale of the lumber "subject to the summary jurisdiction of this Court" precluded the application of the statutory bar. So he set the Referee's order aside and remanded the proceedings for a hearing on the merits. From this decision respondent appeals.

■ At the threshold we are faced with the question of our jurisdiction to entertain the appeal. The district court's action in setting aside the judgment on the pleadings and remanding the case to the Referee for a hearing on the merits constituted an interlocutory order, since it did not end the litigation or finally determine the rights of the parties. See, e. g., Catlin v. United States, 324 U.S. 229, 236, 65 S.Ct. 631, 89 L.Ed. 911; Diaz v. Crom, 5 Cir., 195 F.2d 517; Marcus Breier Sons, Inc. v. Marvlo Fabrics, Inc., 2 Cir., 173 F.2d 29. Section 24a of the Bankruptcy Act, 11 U.S. C. § 47(a), which by virtue of § 316, 11 U.S.C. § 716, is applicable to Chapter XI arrangement proceedings, vests this court with appellate jurisdiction "in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy * * *." It is well settled that this provision of the 1938 Act maintained the long-standing distinction between the appealability of interlocutory orders in "proceedings in bankruptcy"[1] and the nonappealability of such orders in "controversies arising in proceedings in bankruptcy."[2] See, e. g., Universal Oil Products Co. v. Cosden Petroleum Corp., 5 Cir., 178 F.2d 495; In re Christ's Church of the Gold-

en Rule, 9 Cir., 172 F.2d 523; Kelso v. Maclaren, 8 Cir., 122 F.2d 867; Goldie v. Carr, 9 Cir., 116 F.2d 335. Thus we need only determine in which category the present proceeding falls.

■ Proceedings in bankruptcy have been defined as "those matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate." 2 Collier, Bankruptcy ¶24.12 and cases there cited (14th Ed. 1956). Controversies arising in proceedings in bankruptcy "embrace those matters arising in the course of a bankruptcy proceeding which are not mere steps in the administration of the estate, but which give rise to distinct and separable issues between the trustees and adverse claimants, concerning the right and title to the bankrupt's estate." 2 Collier, Bankruptcy ¶24.28 and cases there cited (14th Ed. 1956). Since the present dispute is between the debtors and an adverse claimant concerning property within the summary jurisdiction of the bankruptcy court, it constitutes a controversy arising in a proceeding in bankruptcy. See, e. g., Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Trieber v. England, 9 Cir., 237 F.2d 117, certiorari denied 352 U.S. 967, 77 S.Ct. 356, 1 L.Ed.2d 322; Petersen v. Sampsell, 9 Cir., 170 F.2d 555; In re Times Square Auto Supply Co., 2 Cir., 47 F.2d 210, certiorari denied Bank of United States v. Irving Trust Co., 283 U.S. 856, 51 S.Ct. 649, 75 L.Ed. 1463; In re Federal Photo Engraving Corp., 2 Cir., 54 F.2d 628.

The appeal is dismissed.

---

1. Even here an exception is recognized in the case of orders which are merely incidents in the proceedings and dispositive of nothing. See W. Cecil Sisson Mortgage Co. v. Houston Shell & Concrete, Division of McDonough Co., 5 Cir., 256 F.2d 420; City of Fort Lauderdale v. Freeman, 5 Cir., 197 F.2d 122; In re J. P. Linahan, Inc., 2 Cir., 146 F.

2d 999; In re Hotel Governor Clinton; 2 Cir., 107 F.2d 398. See generally Annotation, Appealability of Interlocutory Orders in Proceedings in Bankruptcy, 33 A.L.R.2d 1366.

2. Of course jurisdiction may be independently invoked under 28 U.S.C. § 1292 where applicable. McAvoy v. United States, 2 Cir:, 178 F.2d 353.