GENERAL ELECTRIC COMPANY, Pembroke Company, Bish's Sheet Metal Works, and Howe Rents, Appellants,

v.

BEEHIVE TELECASTING CORPORATION, Appellee.

No. 6508.

United States Court of Appeals Tenth Circuit.

Nov. 18, 1960.

**508**

Dennis McCarthy, Salt Lake City, Utah (Leonard J. Lewis and Sterling D. Colton, Salt Lake City, Utah, were with him on the brief), for appellants.

Franklin Riter, Salt Lake City, Utah, for appellee.

Before MURRAH, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

The question presented by this appeal is whether the challenged order in this proceedings for an involuntary adjudication in bankruptcy is reviewable as an interlocutory order under Section 24, sub. a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 47, sub. a, and if so, whether the trial court's indefinite postponement of adjudication is reversibly erroneous.

The salient facts are that appellants, all qualified creditors of the appellee in requisite number with claims for the necessary amount, petitioned the Utah Court to adjudicate the appellee an involuntary bankrupt. The petition stated statutory grounds for adjudication. The appellee admitted the essential allegations of the petition but argued eloquent-ly for the postponement of adjudication pending disposition of a claim for damages against one of the petitioning creditors (The General Electric Company) and for the submission of a Plan of Reorganization under Chapter 10 of the Bankruptcy Act.

From extended statements on the record it appears that the appellee is a telecasting corporation with a subsisting license to operate a broadcasting station in the Salt Lake City area. The tort claim against General Electric is based upon the allegations that General Electric negligently installed the broadcasting directional antenna proximately causing financial loss, insolvency, and consequent cessation of operations. Upon consideration of statement of counsel, the court entered an order continuing the creditors' petition for involuntary adjudication and the debtor's petition for Reorganization "to an indefinite future date to be determined by the court." At the same time and in the same order the court continued a temporary restraining order against a foreclosing mortgagee "until further order of the court."

 On the question of reviewability we have recently said, following the general rule, that while virtually all interlocutory orders in bankruptcy proceedings are appealable as a matter of right under Section 24, sub. a of the Bankruptcy Act, yet "An interlocutory order which determines nothing adversely to the asserted rights of a party is not reviewable on direct appeal * * *." De Laney v. City Investment Company, 10 Cir., 224 F.2d 808, 810; 2 Collier on Bankruptcy, § 24.39, p. 788. Consistent with this concept of appellate review we held in the De Laney case that an interlocutory order remanding the proceedings to the referee after adjudication for the determination of underlying facts involving the validity of a claim " * * * did not have the character of a formal exercise of judicial power adversely affecting the asserted rights of the claimant or the trustee" and was therefore not reviewable. Id., 224 F.2d at page 810. And so too, a "temporary, limited con-

tinuance" to enable the bankruptcy court to study questions arising out of the course of the administration of the bankrupt estate is not an appealable interlocutory order. Prudential Life Ins. Co. of America v. Witthoft, 7 Cir., 98 F.2d 972, 973. And see also Sisson Mortgage Company v. Houston Shell & Concrete, Division of McDonough Company, 5 Cir., 256 F.2d 420. The underlying reason is to vouchsafe to the bankruptcy court full freedom to administer the affairs of the bankrupt estate unhindered by appeals from orders which are indecisively procedural and which do not determine some controversy or decide some step in the course of the bankruptcy proceedings. It must necessarily lie within the administrative province of the trial court to continue or postpone for any reasonable period a hearing on a matter arising in the course of the bankruptcy proceedings to suit the convenience of the parties or the court. Any appellate interference with the exercise of this administrative function is, to be sure, unwarranted in the absence of a showing of clear abuse.

■ But our order does not involve a mere procedural continuance of a matter arising in the course of the administration of the bankrupt estate as in De Laney or Prudential Life Insurance v. Witthoft or Sisson Mortgage Co. v. Houston Shell and Concrete, supra. Instead it directly involves the statutory right to adjudication and statutory grounds therefor having been shown and admitted, the petitioning creditors were entitled as a matter of law to an adjudication. In such circumstances the trial court is without any discretion in the matter of adjudication. Guterman v. C. D. Parker & Co., 1 Cir., 86 F.2d 546 and cases cited therein.

■ In the event of a contest on the petition for adjudication the court is under statutory mandate to " * * * determine, as soon as may be, the issues presented by the pleadings * * * and make the adjudication or dismiss the petition." 11 U.S.C.A. § 41, sub. d. And decisional law imposes upon the bankruptcy court the duty to " * * *

promptly determine the question of adjudication, to proceed with the selection of a trustee and the administration and distribution of the estate, as required by the act." Acme Harvester Co. v. Beekman Lum. Co., 222 U.S. 300, 309, 32 S.Ct. 96, 100, 56 L.Ed. 208; Remington on Bankruptcy, Fifth Ed., Vol. I, § 427. Indeed the whole law of bankruptcy bids us move with dispatch and expedition.

■ If the law enjoins upon the court the duty to hear and decide contested issues relating to adjudication, "as soon as may be," a fortiori, it is even more imperative that the court adjudicate when as here, the jurisdictional issues are uncontested. The challenged order did not formally deny adjudication but its indefinite postponement was, we think, a formal exercise of judicial power adversely affecting the rights of the petitioning creditors and the order was therefore appealable.

■ It also follows from what we have said that the petitioning creditors are entitled to a prompt order of adjudication unless in some way it can be said that the right to adjudication turns on the outcome of the tort action; or that adjudication would in some way operate to prejudice its prosecution; or that immediate adjudication would in some way interfere with the right of the debtor to pursue its petition for Reorganization under Chapter 10. It is conceded that adjudication would in no way prejudice the rights in the petition for Reorganization. It is suggested that immediate adjudication would incapacitate the debtor-appellee to prosecute the tort action by counsel of his own choice and that it would instead be in the hands of a trustee selected by the creditors, one of whom is a party to the tort action. But a trustee, standing in the shoes of appellee-debtor, is quite competent to prosecute the tort action and the court undoubtedly is empowered to control the course of the litigation to the end that there shall be no collusion between the trustee and the petitioning creditor defendant. It thus cannot be validly said that immediate adjudication would in any

way prejudice the prosecution of the tort action.

We conclude that the petitioning appellants were entitled as a matter of law to a prompt adjudication and the case is reversed and remanded with directions to forthwith enter an order to that effect.