DUTCH AMERICAN MERCANTILE CORPORATION, a Creditor, Itemlab, Inc., as Debtor-in-Possession, and Isidore Cherno, trustee, Appellees,

v.

EIGHTEENTH AVENUE LAND CO., Appellant.

No. 250, Docket 27218.

United States Court of Appeals Second Circuit.

Argued March 7, 1962.

Decided May 4, 1962.

Joseph N. Friedman, New York City (Binder, Silber & Stangler, West Hempstead, N. Y., on the brief), for appellant.

Emanuel Becker, New York City (McLanahan, Merritt & Ingraham, New York City, on the brief), for appellees.

Before LUMBARD, Chief Judge, and HAYS and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

Itemlab, Inc., petitioned for an arrangement under Chapter XI of the Bankruptcy Act. It then moved, as debtor-in-possession, for a declaration that a certain chattel mortgage executed jointly by the debtor, Itemlab, Inc., and

Itemco, Inc. in favor of Eighteenth Avenue Land Co., appellant herein, is not a valid lien. The challenge was premised on the failure of two-thirds of the debtor's stockholders to consent to the execution of the mortgage under § 16 of the New York Stock Corporation Law. The referee denied the motion on the grounds that certain papers annexed to the mortgage reciting such consent were conclusive as to the validity of the mortgage under § 17 of the same law. The District Court, upon review of the referee's order, held that the record as constituted did not justify the ruling. It held on the basis of the record that § 17 could not validate the mortgage since appellant neither acted in good faith nor paid value.

The order sought to be reviewed here "reversed" the order of the referee and remanded the matter to him "for future proceedings in accordance with and not inconsistent with the decision of this Court. * * *" The Court's opinion indicates the referee is to consider the possible existence of a fraudulent conveyance. The Court also said, however, "Upon the record presented it is the opinion of this Court that the referee's findings of fact were not justified by the evidence and were clearly erroneous. Since, however, additional issues and queries were raised in this opinion which may be subject to further inquiry and with respect to which no evidence was elicited at the hearing, the matter will be remitted to the referee *to afford both parties an opportunity to adduce such evidence as they deem advisable either in support of or in opposition to the Court's conclusions.*" (Emphasis added.)

■ The Court's decision, therefore, did not determine with any finality any right of any party but merely held that the record as constituted did not support the referee's findings and should be amplified by further evidence. It clearly contemplated "reconsideration of the validity of the mortgage." The Court apparently was impressed by appellant's argument that it had been misled by remarks of opposing counsel as to the scope

of the hearing before the referee and by appellant's assertions that certain evidence outside the present record would shed light on the factual issues involved. We are, therefore, faced with the anomalous situation of appellant, by its assertions as to evidence presently outside the record, in effect asking us to affirm and appellee contending that we should modify the order below and render a "final determination." We do neither. The order below is not appealable, and we dismiss the appeal for lack of jurisdiction.

■ ■ Section 316 of Chapter XI provides in part, "[T]he jurisdiction of appellate courts shall be the same as in a bankruptcy proceeding." 11 U.S.C.A. § 716. We are, therefore, governed by § 24, sub. a of the Bankruptcy Act. 11 U.S.C.A. § 47, sub. a. That provision vests us with appellate jurisdiction "in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy * * *." The Act maintains the distinction between the appealability of interlocutory orders in "proceedings" and their nonappealability in "controversies arising in proceedings." Hillcrest Lumber Co. v. Terminal Factors, Inc., 281 F.2d 323 (2 Cir.1960). We need not, however, determine whether this is a "proceeding" or "controversy," for not every interlocutory order entered in the course of a "proceeding" is appealable. "It is clear that to be appealable an interlocutory order must have the character of a formal exercise of judicial power affecting the asserted rights of a party." 2 Collier on Bankruptcy, ¶24.39. The order sought to be reviewed here did not determine with finality any substantive issue in dispute between the parties. It directed merely that further evidence be taken on the issues. Whether a "proceeding" or a "controversy" is involved, we do not believe the order is appealable. See W. Cecil Sisson Mortgage Co. v. Houston Shell & Concrete, Division of McDonough Co., 256 F.2d 420 (5 Cir. 1958).

The appeal is dismissed.