STANDARD ELECTRONICS CORPORA-
TION, a corporation, Appellant,

v.

Edward R. KENNEALLY, Trustee of the
Estate of General Magnetics, Inc., a cor-
poration, Bankrupt, Appellee.

No. 17617.

United States Court of Appeals
Eighth Circuit.

Sept. 8, 1964.

Joseph Mast, St. Paul, Minn., made argument for appellant and filed brief.

M. L. Culhane, of Culhane & Culhane, Minneapolis, Minn., made argument for appellee and filed brief with James E. Culhane, of Culhane & Culhane, Minneapolis, Minn.

Before VAN OOSTERHOUT, BLACK-MUN and MEHAFFY, Circuit Judges.

MEHAFFY, Circuit Judge.

Appellant, Standard Electronics Corporation, alleged secured claims upon two $25,000.00 chattel mortgages, a factor's lien on inventory, and a $15,000.00 pledge agreement as the basis of a $47,750.00 claim against the bankrupt estate of General Magnetics, Inc. for monies advanced it as operating capital during solvency. Edward R. Kenneally, trustee and appellee herein, filed objections to both the validity and secured ranking of appellant's claims and that of the First National Bank of Minneapolis for its prior chattel mortgage held on the same property of the bankrupt. The trustee, in turn, brought a counterclaim against appellant seeking a money recovery and an accounting for its alleged mismanagement of the bankrupt's affairs causing insolvency during the period appellant controlled bankrupt's board of directors pursuant to a merger agreement which was never consummated.

The referee sustained in part the objections of the trustee, disallowing Standard's claims as to one of the chattel mortgages and the pledge agreement, while refraining from passing upon the factor's lien as unnecessary to his deci-

sion since it was given as additional security for the remaining chattel mortgage held valid. In his memorandum opinion and order, the referee awarded Standard an enforceable lien on this chattel mortgage of January 1962 to secure payment of indebtedness in the amount of $25,000.00 out of the $53,741.09 in funds obtained by the trustee from proceeds of the sale of the mortgaged property in excess of the bank's allowed superior claim, securing indebtedness of $21,817.67. He rejected the trustee's counterclaim for insufficient evidence and reserved jurisdiction to determine, *inter alia*, the precise amount each claimant is entitled to of the funds on hand.

The trustee appealed to the District Court in accordance with 11 U.S.C.A. § 67, sub. c of the Bankruptcy Act; the court, on the basis of the pleadings, a partial transcript, and documentary exhibits, modified the referee's order and remanded the case because the referee failed to number his findings of fact and conclusions of law in his memorandum opinion and order and neglected therein to properly consider the trustee's claimed set off or counterclaim. From this decision of the District Court, only Standard has appealed.

A recitation of the facts upon which the referee based his findings is unnecessary to our disposition of this appeal on procedural grounds.

Standard urges reversal of the order of the District Court remanding the case to the referee for further instructed actions and reinstatement of the referee's decision for the following reasons:

1. The trustee failed to comply with Minnesota Federal District Court Bankruptcy Rule 19(b) which requires a petitioner for review to the District Court to furnish a transcript of the evidence.

2. The District Court erred in failing to abide by the referee's findings of fact which are not to be set aside unless "clearly erroneous" under Rule 52(a), Fed.R.Civ.P.

3. The District Court erred in requiring the referee to make separate, numbered findings of fact and conclusions of law.

The trustee, on the other hand, has at the outset moved to dismiss the appeal for our lack of jurisdiction on grounds the appeal is from an interlocutory order in a controversy arising in proceedings in bankruptcy which is therefore non-appealable at this time.

Section 24, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 47, sub. a, confers on this court appellate jurisdiction "in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy * * *." The jurisprudence construing this provision of the 1938 Act has maintained the long-standing distinction between the appealability of interlocutory orders "in proceedings in bankruptcy" and the non-appealability of such orders in "controversies arising in proceedings in bankruptcy". Kelso v. Maclaren, 122 F.2d 867 (8th Cir. 1941); Lesser v. Migden, 328 F.2d 47 (2nd Cir. 1964); Dutch American Merc. Corp. v. Eighteenth Ave. Land Co., 302 F.2d 636 (2nd Cir. 1962); Hillcrest Lumber Co. v. Terminal Factors, Inc., 281 F.2d 323 (2nd Cir. 1960); 2 Collier, Bankruptcy, ¶¶ 24.04, 24.11 and 24.27 (14th Ed. 1956). Categorization of the nature of the instant bankruptcy litigation and the type of order issued by the District Court will answer the question of appealability.

Proceedings in bankruptcy have been defined as "those matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration"; while controversies arising in bankruptcy proceedings "include those matters arising in the course of a bankruptcy proceeding, which are not mere steps in the ordinary administration of the bankrupt estate, but present, by intervention or otherwise, distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate". Taylor v. Voss, 271 U.S. 176, 180–181, 46 S.Ct. 461, 463, 70 L.Ed. 889 (1926). The trustee

contested both the existence and amount of claimant's lien based on the first chattel mortgage principally on grounds of fraud, invalid corporate authorization by bankrupt's board of directors, and the inapplicability of this security to future advances in excess of the amount borrowed from claimant at the time of the instrument's execution. These adverse claims of ownership rights between the trustee and the appealing creditor to property within the bankrupt's estate subject to the summary jurisdiction of the bankruptcy court are properly characterized under prevailing law as a controversy arising in a proceeding in bankruptcy. Hillcrest Lumber Co. v. Terminal Factors, Inc., supra and cases there cited.

■ The order of the District Court remanding the case to the referee for numerical designation of his findings of fact and conclusions of law and for consideration of the trustee's counterclaim did not adjudicate with any finality any substantive right in dispute between the parties with respect to the adverse claims of entitlement to property in the estate of bankrupt. Clearly, the effect of the order is to retain the matter within the jurisdiction of the bankruptcy court for further action before any affirmative decree settling the claimant's rights to the disputed property is issued. It is therefore interlocutory within the intendment of Section 24, sub. a of the Act, supra, and the appeal therefrom premature. Triangle Electric Co. v. Foutch, 40 F.2d 353 (8th Cir. 1930); 2 Collier, op. cit. supra, ¶ 24.38.

While we can find no authoritative source for the District Court's requirement that the referee separate and number his findings of fact and conclusions of law, except the general directive that such findings be made and set forth in his report (Order 47, General Orders in Bankruptcy, 11 U.S.C.A. foll. § 53), our lack of appellate jurisdiction in this instance preempts review of the interlocutory order.

We agree with Standard's contention that the referee's findings of fact should not be set aside unless clearly erroneous pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, made applicable in bankruptcy cases by virtue of Orders 37 and 47, General Orders in Bankruptcy, 11 U.S.C.A. foll. § 53. However, in all the cases cited by Standard as authority for reversal of the District Judge's order, which apparently overlooked the factual determination of the referee that there was no evidence to substantiate the trustee's counterclaim, the district court decisions involved were appealable as *final orders* in controversies arising in bankruptcy proceedings. See e. g. O'Rieley v. Endicott-Johnson Corp., 297 F.2d 1 (8th Cir. 1961) (final order reversing referee's dismissal of reclamation petition); Becker v. Shields, 237 F.2d 622 (8th Cir. 1956) (final order vacating referee's discharge of bankrupt); Rasmussen v. Gresly, 77 F.2d 252 (8th Cir. 1935) (final order vacating referee's order disallowing claim). Absence of a final order in the instant bankruptcy controversy again precludes our jurisdiction to consider the alleged error.

And finally, we wish to comment on the inadequate state of the record so the deficiency will be corrected in the event of a subsequent appeal. Standard and the District Court have pointed out that the trustee who petitioned for a review of the referee's order failed to comply with Bankruptcy Rule 19(b) of the District Court of Minnesota by furnishing neither a transcript of the evidence nor a summary of the evidence stipulated to by the parties. In U. S. Machinery Movers v. Beller, 280 F.2d 91, 94 (8th Cir. 1960), cert. denied 364 U.S. 903, 81 S.Ct. 236, 5 L.Ed.2d 195 (1960), we stated:

"Our understanding is that a district judge, called upon to review a referee's order, is entitled to have from the referee an adequate and accurate statement of the facts and the law upon which he relied in making his order. * * * It is also our understanding that, when an appeal is taken from an order such as that *here involved, this Court*

*must have a record which discloses the exact factual and legal basis for the order under review."* (Emphasis supplied.)

Since there is involved here a "controversy arising in proceedings in bankruptcy" and the District Court's order remanding the case to the referee did not finally determine the rights of the parties or purport to end the litigation, the order is, therefore, interlocutory in character and not appealable.

Appeal dismissed.