577 F.2d 966
 In the Matter of BEN HYMAN & CO., INC., Bankrupt.
BEN HYMAN & CO., INC., Plaintiff-Appellant,
v.
The FULTON NATIONAL BANK, Defendant-Appellee.
 No. 76-4420.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 7, 1978.
 
 Morton P. Levine, Craig J. Rabiner, Homer S. Mullins, Atlanta, Ga., for plaintiff-appellant.
 Alfred S. Lurey, Atlanta, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before WISDOM, GOLDBERG and RUBIN, Circuit Judges.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 The bankrupt debtor, Ben Hyman, appeals an order of the district court remanding this case to the bankruptcy court for a determination whether one of its creditors, Fulton National Bank, was entitled to exercise a right of set-off in the pending bankruptcy proceedings. Because this appeal is taken from an interlocutory order, we refuse to entertain it.
 
 
 2
 On August 11, 1975, the bankrupt filed its initial petition seeking reorganization under Chapter XI of the Bankruptcy Act. At that time, it owed the bank $233,819.47 and had bank deposits totaling $38,284.79.
 
 
 3
 Two days after the Chapter XI petition was filed, the bank set off the balance in the debtor's accounts against the debt due it. Subsequently, the portion of the accounts that had been deposited after August 11 was restored to the bankrupt estate, but the bank refused to relinquish the amount on deposit at the time the reorganization proceedings had begun, $27,993.70. The bankruptcy court held that filing of the Chapter XI petition cut off the bank's right to set-off, ordered the funds restored to the debtor, and held the bank in contempt. The bank appealed this order to the district court.
 
 
 4
 Before the district court heard the appeal, the Chapter XI proceeding was converted into bankruptcy. The district court, therefore, remanded the case to the bankruptcy court to determine whether the bank had a right of set-off in the bankruptcy proceedings. In addition, it held that the bankruptcy court lacked the power summarily to order that the funds be placed at the bankrupt's disposal without providing some means of protection to the creditor's rights and reversed the finding of contempt. From this order the bankrupt appeals.
 
 
 5
 Appeals do not ordinarily lie from interlocutory orders. F.R.C.P. Rule 54. However, Section 24 a of the Bankruptcy Act, 11 U.S.C. § 47, provides for appeals "from the several courts of bankruptcy . . . in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy . . . ." Thus, "in an astonishing departure from the final judgment rule Section 24 a of the Bankruptcy Act makes orders in 'proceedings in bankruptcy' appealable whether 'interlocutory or final.' " 9 Moore's Fed.Prac. P 110.19(5) at 222. This aberration from the final judgment rule applies to Chapter XI proceedings by virtue of 11 U.S.C. § 716. The language of that section distinguishes "controversies arising in proceedings in bankruptcy," and allows only for appeals from final judgments. 11 U.S.C. § 47(a).
 
 
 6
 The distinction is purposeful and it cannot be treated as tweedledum and tweedledee. Yet it eludes precise definition. In re Brissette, 9 Cir. 1977, 561 F.2d 779; In re Durensky, 5 Cir. 1975, 519 F.2d 1024, 1027. In an attempt to capture the thought that marks the difference, we said in Durensky :
 
 
 7
 As a general rule, "proceedings" are those matters of an administrative character, including questions between the bankrupt and his creditors which are presented in the ordinary course of the administration of the bankrupt's estate. "Controversies," on the other hand, are usually described as matters which arise in the course of the bankruptcy proceedings and which are not mere steps in the ordinary administration of the bankrupt, but which present distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate.
 
 
 8
 In re Durensky, supra, 519 F.2d at 1027; see also United Kingdom Mutual S. S. Assur. Assoc. v. Liman, 2 Cir. 1969, 418 F.2d 9.
 
 
 9
 This case involves a dispute between the debtor and an adverse claimant concerning property within the summary jurisdiction of the bankruptcy court; it, therefore, is a controversy arising in a proceeding in bankruptcy. In re Brendan Reilly Assoc., Inc., 2 Cir. 1967, 372 F.2d 235; Hillcrest Lumber Co. v. Terminal Factors, Inc., 2 Cir. 1960, 281 F.2d 323. Cf. City of Fort Lauderdale v. Freeman, 5 Cir. 1952, 197 F.2d 122, and, the order, consequently, is appealable only if final.
 
 
 10
 A final order is one in which nothing remains to be done but the mechanical entry of judgment by the trial court. Diamond Shamrock Oil and Gas Corp. v. Commissioner of Revenues, Arkansas, 8 Cir. 1970, 422 F.2d 532; Cook v. Eizenman, 5 Cir. 1963, 312 F.2d 134. The district court's remand merely requires the bankruptcy court to determine whether the bank has a right of set-off in the straight bankruptcy proceedings; it, therefore, is not final. Compare Chicago v. Atchison, Topeka and Sante Fe RR, 1958, 357 U.S. 77, 78 S.Ct. 1063, 2 L.Ed.2d 1174 and Pope v. Atlantic Coast Line RR, 1953, 345 U.S. 379, 73 S.Ct. 749, 97 L.Ed. 1094.
 
 
 11
 For these reasons we dismiss the appeal.