PER CURIAM.
The appellants, Docter, Docter & Salus, appeal from an Order of the District Court which reversed a ruling by the Bankruptcy Judge, denying the Internal Revenue Service’s several motions concerning its claim against the assets of Abingdon Realty, the bankrupt.'
The claim of the Internal Revenue Service is based inter alia upon a promissory note executed on October 10, 1972, by 36 corporations, including the bankrupt herein, agreeing to pay the entire unpaid wage tax liabilities of certain other corporations which were owned and operated by the Pomponio brothers, incorporators common to all. The note was secured by a second promissory note by which the Pomponio brothers and their wives agreed to be personally liable for the debt in the event of default and by a second deed of trust executed by Abingdon Realty, the bankrupt, on its principal asset, a building located in Arlington County, Virginia.
On November 21, 1972, subsequent to the execution of the note and the second deed of trust, Abingdon Realty petitioned for relief under Chapter XI of the Bankruptcy Act. No Chapter XI plan of arrangement was confirmed and, thereafter, Abingdon Realty was adjudicated a bankrupt and its assets were ordered liquidated. The United States filed a proof of claim in the bankruptcy proceeding for $1,859,609.61 based *134 upon the secured promissory note of the 36 related Pomponio corporations. The claim was filed as a priority claim for a debt due the United States under Section 64(a)(5) of the Bankruptcy Act, 11 U.S.C. § 104. The record discloses that, thereafter, negotiations between certain unsecured creditors and an agent of the Internal Revenue Service led to an agreement by which the unsecured creditors would receive a percentage of their claims with the balance of the assets to be paid to the Internal Revenue Service. The terms of the agreement were stated to the Bankruptcy Court by an attorney for the unsecured creditors at a hearing on November 5, 1974. Thereafter, at the request of the trustee in bankruptcy, the Regional Counsel of the Internal Revenue Service wrote the trustee, confirming the Government’s understanding of the agreement. However, in a notice of a hearing concerning the proposed final distribution of the assets of the bankrupt, the claim of the IRS was stated as follows:
(6)(b) Claim No. 38 of the Internal Revenue Service filed as a priority claim in the amount of $1,859,609.61, which is disallowed in consideration of the payment of 35% of the fund available herein for distribution to general creditors of the Internal Revenue Service, the remaining 65% of the fund available for distribution to be paid to general creditors of the estate.
While the above notice was sent to seven government offices, the attorney responsible for representing the Regional Counsel for the IRS in the bankruptcy proceedings later stated that he never received the notice. The IRS was not represented at the hearing which was held June 7, 1977. On June 14, 1977 the Bankruptcy Judge entered an Order which inter alia disallowed the claim of the Internal Revenue Service in the full amount of $1,859,609.61 as having been compromised pursuant to a previous order of the court. Distribution pursuant to the June 14, 1977 order of the Bankruptcy Court was made. Thereafter the Internal Revenue Service moved the Bankruptcy Court to reconsider its June 14, 1977 order upon the ground that the trustee had misrepresented the terms of the compromise agreement and upon the further ground of excusable neglect. On April 18, 1978, the Bankruptcy Court denied the Government’s motion for relief. At a hearing on the Government’s appeal from the order of the Bankruptcy Court, the District Judge reversed the order of the Bankruptcy Judge and remanded the cause to the Bankruptcy Court to reconsider whether, prior to the entry of its order of June 14, 1977 disallowing the Internal Revenue Service’s claim in the sum of $1,859,609.61, there was an actual compromise of the claim and, if so, the terms thereof. This appeal followed.
The appellant argues that, for several reasons, the District Judge erred. We decline, however, to reach decision on the matter as presented, for we have concluded that the appeal is premature. The District Judge took no action which finally determined the rights of the parties. Instead, he remanded the case to the Bankruptcy Court for reconsideration of its order disallowing the claim of the Internal Revenue Service and, further, to determine whether there was an actual compromise of the Government’s claim and, if so, the terms thereof. The District Court’s order is thus an interlocutory order in a controversy arising in a proceeding in bankruptcy which, under Section 24 of the Bankruptcy Act, 11 U.S.C. § 47(a) may not be appealed. Indeed, in a controversy arising in a proceeding in bankruptcy, an appeal will lie only from a final order which leaves “nothing ... to be done but the mechanical entry of judgment by the court . ... ” Matter of Ben Hyman & Co., 577 F.2d 966 (5th Cir. 1978). The order is interlocutory because the Bankruptcy Court is required to take “further action before any affirmative decree settling the claimant’s rights. ... ” Standard Electronics Corp. v. Kenneally, 336 F.2d 394 (8th Cir. 1964). In re Merle’s Inc., 481 F.2d 1016 (9th Cir. 1973).
The appellant urges that the order of the district judge is appealable because it concerns the distribution of the assets among the general creditors which are routine administrative steps and that the allowance and disallowance of claims and final orders of distribution are “proceedings” and not “controversies.” While it is true that under *135 Section 24(a) of the Bankruptcy Act (11 U.S.C. § 47(a)), interlocutory appeals may in some instances be taken from orders in “proceedings” in bankruptcy, see 9 Moore’s Federal Practice H 110-19(5) (2d ed.), Pp. 222-223, we have held that an appeal will not lie from an interlocutory order in a “proceeding” if that order involves “preliminary or procedural matters” and does not amount to a determination of substantive rights and duties. Carolina Mills, Inc. v. Corry, 206 F.2d 76 (4th Cir. 1953). See also Baldonado v. First State Bank of Rio Rancho, 549 F.2d 1380, 1381 (10th Cir. 1977); In re Durensky, 519 F.2d 1024, 1028-1029 (5th Cir. 1975); In re Charmar Investment Co., 475 F.2d 560 (6th Cir. 1972), cert. denied, 414 U.S. 823, 94 S.Ct. 123, 38 L.Ed.2d 56 (1973); Cope v. Aetna Finance Co. of Maine, 412 F.2d 635, 639 (1st Cir. 1969); Dubnoff v. Goldstein, 385 F.2d 717, 722 (2d Cir. 1967); In re Chicago Rapid Transit Co., 200 F.2d 341 (7th Cir. 1952). In this case the district court declined to determine the rights and duties of the parties but, instead, remanded the case. Thus, the order was interlocutory and, under the above decisions, it was not appealable even if we were to assume that the matter is a “proceeding” in bankruptcy under section 24(a) of the Bankruptcy Act.
For the reasons above stated, the appeal is hereby dismissed.