ESCHBACH, Senior Circuit Judge:
The only issue we need reach in this cause is a specific issue of our appellate jurisdiction: whether a district court order is a final order and thus appealable under 28 U.S.C. § 158(d), where that order (1) reverses an order of a bankruptcy court dismissing a complaint objecting to dischargeability as untimely and (2) remands the case to the bankruptcy court for determination of the merits of the complaint.
*246 The issue more generally stated is whether a district court order is a final order under 28 U.S.C. § 158(d), where that order reverses an order of the bankruptcy court and remands the case to the bankruptcy court for significant further proceedings. The Circuits that have addressed this question seem in disagreement. The Fifth Circuit has consistently held, however, that such orders are not final orders. In adhering to this position, this court recently relied on the reasoning of a Seventh Circuit opinion that rejects the opposite line of cases. That case presented the same specific issue set out above. It is clear, then, that the order of the district court in the present case is not a final order under the law of this Circuit. We will dismiss the appeal for lack of appellate jurisdiction.
I
In May, 1983, Albert Boyd Bowman and Lana Joyce Bowman filed a voluntary bankruptcy petition pursuant to Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 701 et seq. The bankruptcy judge set July 22, 1983, as the date for the first meeting of the creditors pursuant to 11 U.S.C. § 341(a). As one of the creditors, Allegheny International Credit Corporation (“Allegheny”) received notice of the meeting; that notice also informed it that September 22, 1983, was the last day to file a complaint objecting to dischargeability pursuant to 11 U.S.C. § 523(c).
On July 15, 1983, the bankruptcy court issued a “Reset Notice,” which provided that the creditors meeting set for July 22, 1983, was cancelled and was reset for September 1, 1983. The meeting was held on that date. On October 24, 1983, Allegheny filed a complaint objecting to dischargeability. The Bowmans filed a motion to dismiss the complaint as untimely filed. Allegheny filed a motion for a declaration that the filing be held timely or for late filing to be permitted. The bankruptcy judge dismissed the complaint, ruling that it was not timely filed and that Allegheny had failed to show that the late filing was due to excusable neglect.
On appeal, the district court reversed the order of the bankruptcy court, holding that the complaint was timely filed. The district court applied Bankruptcy Rule 4007(c), which went into effect in August, 1983. Under that rule, “A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).” The district court, differing with the conclusion of the bankruptcy court, interpreted “the first date set for the meeting of creditors” to refer to the date the meeting was actually held, not the date for which the bankruptcy court had originally scheduled the meeting. 60 B.R. 423. The Bowmans appeal from that decision.
II
Every federal appellate court has a special duty to satisfy itself of its own jurisdiction, even where the issue is not raised by the parties on appeal. Bender v. Williamsport Area School District, 475 U.S. 534, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). On April 30, 1987, we ordered the parties to submit supplemental briefs limited to the issue of our appellate jurisdiction no later than June 9, 1987.
Appellants seek to rest jurisdiction in this court under 28 U.S.C. § 158(d), which provides that the courts of appeals have jurisdiction over “final decisions, judgments, orders and decrees” of district courts on appeals from bankruptcy courts. The courts of appeals have split on the question, whether a district court order reversing the bankruptcy judge and remanding the case is a final order.
This circuit has consistently held that such orders are not final orders under 28 U.S.C. § 158(d) and its predecessors. In In the Matter of Ben Hyman & Co., Inc., 577 F.2d 966 (5th Cir.1978), a Chapter XI proceeding was converted into a liquidation while the case was on appeal to the district court; the district court remanded the case to the bankruptcy court for determination whether a bank had a right of set-off. The district court also reversed a finding of the bankruptcy court that the bank had been in *247 contempt of court for refusing to relinquish funds the debtor had had on deposit with the bank. The debtor appealed to this court. We dismissed the appeal, holding:
A final order is one in which nothing remains to be done but the mechanical entry of judgment by the trial court. The district court’s remand merely requires the bankruptcy court to determine whether the bank has a right of set-off in the straight bankruptcy proceedings; it, therefore, is not final.
577 F.2d at 968 (citations omitted).
Similarly, in In the Matter of Cross, 666 F.2d 873 (5th Cir.1982), the district court, although upholding the bankruptcy court’s ruling that a debt was nondischargeable, vacated the judgment and remanded the case for redetermination of the amount of the debt. The debtor appealed. This court held that the district court order was interlocutory rather than final because the district court had remanded for further proceedings.[1] The court compared the case to a nonbankruptcy case where the district court grants summary judgment on the issue of liability but leaves undecided the amount of damages.
Hyman and Cross were Bankruptcy Act cases. This court has relied on them in interpreting “final order” under the jurisdictional provisions relating to the Bankruptcy Code of 1978. In In re Emerald Oil Company, 694 F.2d 88 (5th Cir.1982) (per curiam), we held that the district court’s reversal of a grant of summary judgment by the bankruptcy judge and remand to the bankruptcy court was not a final order because “there was no final determination of the rights of the parties to secure the relief they seek.”
This court recently adhered to this line of cases in In re County Management, Inc., 788 F.2d 311 (5th Cir.1986). In that case, the bankruptcy court granted summary judgment in favor of the debtor and dismissed the complaint. The district court reversed the bankruptcy judge’s rulings and remanded for determination of other issues. This court relied explicitly on Emerald Oil and Hyman in holding that the order was not a final order. Because the district court’s order remanded the case for further factual findings, it fell “far short of 'finally resolving’ the dispute between these plaintiffs and defendants.” 788 F.2d at 313.
In a footnote, the court recognized that the Third Circuit would consider the order a final order. 788 at 314 n. 4, citing In re Marin Motor Oil, Inc., 689 F.2d 445 (3rd Cir.1982), cert. denied, 459 U.S. 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983). Marin has become the leading case for the position that a district court order affirming or reversing a final order of a bankruptcy court is itself a final order for the purposes of § 158, even if the district court remands the case. This court in County Management first noted that it had rejected such a rule in Emerald Oil and was bound by that decision. We then quoted at length from the “convincing opinion rejecting the Third Circuit’s rule [ ] set forth in In re Riggsby, 745 F.2d 1153 (7th Cir.1984).” [2] That re *248 liance on Riggsby is important because Riggsby presented exactly the same question as the present case: whether a district court order is an appealable final order under § 158 where that order (1) reverses an order of a bankruptcy court dismissing a complaint objecting to dischargeability as untimely and (2) remands the case to the bankruptcy court for significant further proceedings.
Thus, although the general issue presented by this case is one on which the circuits have differed,[3] the law in this circuit is well settled. This appeal must be dismissed for lack of appellate jurisdiction.
DISMISSED.

. The court held that the interlocutory order was appealable under § 24(a) of the Bankruptcy Act, 11 U.S.C. § 47(a) (now repealed). Thus, the court in In re Gardner, 810 F.2d 87 (6th Cir.1987), may have been mistaken in describing Cross as holding the order to be "final and appealable.” The Cross court held the order to be an "appealable interlocutory order.” 666 F.2d at 879.
There is no provision for interlocutory appeals from the district court in § 158.

. In County Management, we followed this reasoning of Judge Posner in Riggsby:
Because most proceedings before bankruptcy judges are summary, remands usually take little time to complete and it is therefore more efficient to wait till the bankruptcy judge is finished with the case — not necessarily with the bankruptcy, since a single bankruptcy can give rise to numerous claims which are litigable to final judgments appealable while the bankruptcy proceeding is still going on — before bringing up the case to the court of appeals. If a district judge remanded a case for further proceedings that would take a week to complete, and the remand order was appealable and was upheld on appeal, a year or more might elapse before the proceedings on remand were concluded. Yet if those proceedings had been conducted without this interruption, then, depending on their outcome, there might be no appeal at all, and in any event there would be no chance of two appeals — one from the order of remand and the other from whatever order the district judge *248 entered on appeal from the bankruptcy judge’s final decision following remand.
Riggsby, 745 F.2d at 1155-56 (citations omitted) (quoted in In re County Management, Inc., 788 F.2d 311, 314 n. 4 (5th Cir.1986)). This reasoning fit closely with the rationale this Circuit has looked to in deciding which orders are “final orders”: "The salutary purpose of the rule set forth in § 158 is to avoid piecemeal appeals.” County Management, 788 F.2d at 314 (citing In re Delta Services Industries, 782 F.2d 1267, 1269 (5th Cir.1986)). We recognize here, as we did in County Management, that we are bound by recent precedent in this Circuit.

. The Seventh Circuit opinion in Riggsby has been followed by this Circuit in County Management, by the Tenth Circuit, In the Matter of Commercial Contractors, Inc., 771 F.2d 1373 (10th Cir.1985), and the Eleventh Circuit, In re TCL Investors, 775 F.2d 1516 (11th Cir.1985).
Marin has been followed by the Eighth Circuit in In Re Bestmann, 720 F.2d 484 (8th Cir.1983). Bestmann seems to be in conflict with In the Matter of Hansen, 702 F.2d 728 (8th Cir.1983) (per curiam), which held that "district court orders of remand are not final appealable orders." The Sixth and Ninth Circuits have followed Marin, but with the exception that the district court order is not final where it remands the case for a factual determination on an issue central to the case. In re Gardner, 810 F.2d 87 (6th Cir.1987). In re Stanton, 766 F.2d 1283, 1287 (9th Cir.1985).