## In re CHOTINER.

### FREDERICK v. WASHINGTON REAL ESTATE CO.

(Circuit Court of Appeals, Third Circuit. December 17, 1914.)

No. 1901.

1. BANKRUPTCY (§ 443*)—ADMINISTRATION—INTERLOCUTORY ORDERS—REVIEW.
    Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (Comp. St. 1913, § 9608), providing for the review of orders in bankruptcy proceedings, does not require the Circuit Court of Appeals to revise every interlocutory order that may affect the course of a bankruptcy proceeding, regardless of its nature or scope, nor does it require the court to answer questions not arising in a proper appellate proceeding, but only requires a review of such orders or decrees as have a certain degree of definiteness and finality.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 917; Dec. Dig. § 443.*]

2. BANKRUPTCY (§ 443*)—REVIEW—INTERLOCUTORY ORDERS—REFUSAL TO CONFIRM SALE.
    An order of the District Judge sitting in bankruptcy, reversing a referee's order confirming a sale of the bankrupt's property, thus leaving the same still in the hands of the trustee, is not reviewable by the Circuit Court of Appeals on a petition to revise.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 917; Dec. Dig. § 443.*
    Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition to Review Order of the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

In the matter of bankruptcy proceedings of one Chotiner. Petition by Elliott Frederick, trustee in bankruptcy, to review order (216 Fed. 916) reversing an order of the referee confirming a sale of the bankrupt's property to the Washington Real Estate Company. Dismissed.

Lowrie C. Barton, of Pittsburgh, Pa., for petitioner.

Charles H. Sachs, of Pittsburgh, Pa., for respondent.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

J. B. McPHERSON, Circuit Judge. [1] The opinion of the District Judge in this case is reported in 216 Fed. at page 916. We recognize the desirability of deciding the conflict of opinion in this circuit on the point in dispute (Re Codori [D. C.] 207 Fed. 784), and we regret that this record presents no reviewable question. Section 24b does not require us to revise every interlocutory order that may affect the course of a bankruptcy proceeding, whatever the nature or scope of the order may be; and we need hardly add that it is not part of our duty to answer questions, unless they arise in a proper appellate proceeding. Under section 24b we can only be asked to review such orders or decrees when they have a certain degree of definiteness and finality. Moreover, there must always be numerous minor matters of administration in which the District Court should be allowed to exercise a sound discretion that will ordinarily not be disturbed.

[2] In the case before us the court has taken no positive, affirmative, step in the cause, and has done nothing to affect definitely the rights of the petitioner. The record discloses merely an order by the District Judge reversing an order of the referee that confirmed a sale of the bankrupt's property, thus leaving the property still in the hands of the trustee. Collier (9th Ed.) 530; Black, § 52; Sturgiss v. Corbin (C. C. A., 4th Circ.) 141 Fed. 1, 72 C. C. A. 179.

In our opinion we are not called upon to revise such an order; and, as we do not revise reasons, unless they are connected with a reviewable order, the petition must be dismissed, at the costs of the petitioner.

It is so ordered.