In re PECHIN.

(District Court, E. D. Pennsylvania.    June 24, 1915.)

No. 5204.

BANKRUPTCY ⬤413—OBJECTIONS TO DISCHARGE—AMENDMENTS.

Specifications of objections to a bankrupt's discharge, based on his having secured credit by fraudulent false representations, may be amended when, during a hearing on the specifications, another instance of the same general character as those charged came to the knowledge of the trustee and objecting creditors, and where an application for leave to amend was promptly made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725, 727;  Dec. Dig. ⬤413.]

In Bankruptcy. In the matter of John W. Pechin, bankrupt. Rule to amend specifications of objections to bankrupt's discharge made absolute.

D. R. Rothermel and Edward Hopkinson, Jr., both of Philadelphia, Pa., for trustee.

Louis Goodfriend and Joseph Hill Brinton, both of Philadelphia, Pa., for bankrupt.

DICKINSON, District Judge. The policy of the law with respect to the discharge of bankrupts from the legal obligation to pay their debts has been determined and settled by Congress. The bankrupt is entitled to the discharge, except in certain clearly defined cases. One of the exceptions is a case in which it is made to appear that the defendant secured to himself credit by fraudulent false representations. The original specifications of objection to the discharge of this bankrupt made this accusation against him. Since the specifications were filed, and during the progress of the hearing upon those which were filed, another alleged instance of the same general character as those already charged came to the knowledge of the trustee and of objecting creditors. The information was promptly followed by the application for the present rule.

There is nothing in the record of the case to suggest laches, or even oversight. If the bankrupt is discharged, he goes scot free of this debt, as well as others. If the debt was fraudulently contracted, he is not entitled to his discharge. The fact is denied by him, but his discharge should stand or fall by the fact, whatever it is. There is nothing new in the specification as an objection to his discharge. What it amounts to in effect is additional evidence that he has been guilty of the act which takes away his right to relief. We feel that an opportunity to develop the facts should be accorded to objecting creditors. That the allowance of the amendment asked for is within the discretion of the court does not seem to be in dispute. That the amendment should be allowed is to some extent at least buttressed by the thought that the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544) provides for a revocation of a discharge because of grounds for its refusal being brought into light after the discharge has been granted.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The situation would be an anomalous one, if facts which would form the basis of a revocation of a discharge after it had been granted could not be permitted to be introduced as an objection to the discharge.

Leave is accordingly granted to amend the specifications, and the rule to show cause, allowed for this purpose, is now made absolute.