### In re PECHIN.

(Circuit Court of Appeals, Third Circuit. December 2, 1915.)

#### No. 1994.

BANKRUPTCY ☞439—ADMINISTRATION—INTERLOCUTORY ORDERS—REVIEW.

 An order of the District Court allowing the trustee to amend his specifications of objection to discharge of bankrupts, nothing more being done, has not that degree of finality necessary for review, as the trustee may abandon, or be unable to prove, the amendment.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ☞439.

 Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition for Revision of Order of the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

In the matter of John W. Pechin, bankrupt. Petition by bankrupt to revise order of the District Court (225 Fed. 798). Petition dismissed.

Joseph H. Brinton, of Philadelphia, Pa., for petitioner.

Edward Hopkinson, Jr., and Daniel R. Rothermel, both of Philadelphia, Pa., for respondent.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. The facts in this case are as follows: The bankrupt presented his petition for discharge, and on No-

vember 2, 1914 (which was in due season), the trustee filed specifications of objection. One of these sets forth that the bankrupt had knowingly and fraudulently obtained money and credit from the Republic Trust Company upon materially false statements in writing made in January, 1909, and February, 1910. On April 12, 1915, the trustee was informed for the first time that similar statements had been made in March, 1913, to a creditor in England, and promptly applied to the District Court for permission to amend the foregoing specification by adding the facts relating to the transaction in England. The District Court granted leave to amend (225 Fed. 798), and the bankrupt asks us to revise the order.

In our opinion the petition to revise is premature, because the order complained of is not at present the subject of such a petition. There must be a certain degree of finality about these administrative orders before they can be reviewed; if every order were reviewable, proceedings could easily be so tied up and prolonged that the situation would become intolerable. But where a fairly separable subject has been finally disposed of, so that rights have been definitely determined, and practically nothing remains to be done in that respect, such a subject is ready for review. To confine ourselves to the matter in hand; if the District Court should refuse to allow a specification to be filed, or to be amended, such an order has sufficient finality, and may be reviewed. Re Carley (C. C. A. 3d Circ.) 117 Fed. 130, 55 C. C. A. 146; Goodman v. Curtis (C. C. A. 5th Circ.) 174 Fed. 644, 98 C. C. A. 398. But what was done here was not the end of an inquiry, but the beginning. To use Judge Gray's language in Re Carley, "Specifications are in the nature of a declaration," and a declaration is, of course, almost the first stage in a suit. If a declaration be demurred to, and the suit be dismissed, this is a final decision against the plaintiff's claim, and may be reviewed; but if the demurrer be overruled, no final judgment has been given, and the suit must go on. No doubt a defendant may sometimes suffer inconvenience by being compelled to answer an unfounded claim; but inconveniences cannot always be avoided, and on the whole these are less harmful than the delays that would be sure to follow if suitors were allowed to appeal from every order they did not like. An analogous situation was presented in Re Chotiner (C. C. A. 3d Circ.) 218 Fed. 813, 134 C. C. A. 501.

In the present case the trustee may abandon the amendment complained of, or he may not be able to prove it, and in either event the bankrupt will take no harm, except the trouble of being compelled to prepare a defense; and such trouble is inseparable from all legal proceedings. We express no opinion about the reasons given by the District court. All we need say is that the petition is premature and for that reason is dismissed.