**In re TIDEWATER GROUP, INC., Debtor.**

**PROVIDERS BENEFIT LIFE INSUR-ANCE COMPANY, Plaintiff and Third-Party Plaintiff,**

v.

**TIDEWATER GROUP, INC., Debtor-in-Possession, Defendant,**

and

**American Centennial Life Insurance Company, Third-Party Defendant.**

**Civ. A. Nos. C82–517A, C82–796A.**

United States District Court, N. D. Georgia, Atlanta Division.

Aug. 13, 1982.

William F. Welch, John T. Ruff, Neely & Player, Atlanta, Ga., for plaintiff and third-party plaintiff.

Frank W. Scroggins, Hicks & Scroggins, Atlanta, Ga., for Tidewater Group.

John L. Taylor, Jr., and Alan L. Dye, McDaniel, Chorey & Taylor, Atlanta, Ga., for American Centennial Life.

Stanford H. Franklin, Rocklin, Franklin & Karlin, Baltimore, Md., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

The appellant in these consolidated cases seeks review of a bankruptcy court order, Bkrtcy., 13 B.R. 764, refusing to enforce a settlement agreement reached by parties to an adversary proceeding. Before reaching the merits, the court must determine whether an appeal of this matter should be heard at the present time.

### I. FACTS

Appellee Tidewater Group, Inc. ("Tidewater") filed an application with the Bankruptcy Court on October 1, 1979, seeking authority to sell its stock in American Centennial Life Insurance Company ("American Centennial") to Dardoff, Inc. The court set the matter down for hearing on October 30, 1979. On October 26, 1979, Appellant Providers Benefit Life Insurance Company ("Providers") announced that it wished to enter a competing offer for American Centennial. The offer, which was apparently higher than Dardoff's, was made October 29, 1979. The next day, the scheduled hearing was held. On November 1, 1979, the Bankruptcy Court entered an order approving the sale of American Centennial Stock to Providers, and thereafter Providers paid a $75,000 deposit into the registry of the Bankruptcy Court.

By November 14, Providers concluded that it had been the victim of material misrepresentations regarding American Centennial's financial condition, and that purported warranties in its purchase contract had been breached. Based on these claims, Providers unsuccessfully sought return of its deposit. On November 20, Providers instituted an adversary proceeding against Tidewater to recover its deposit and to secure a discharge from the November 1, 1979, Order Confirming Sale. Tidewater counterclaimed for damages, and Providers then added American Centennial as a third-party defendant. American Centennial followed with a counterclaim against Providers.

Over the next twelve months a tentative settlement was reached between Providers and Tidewater. Although Tidewater later had second thoughts and sought to repudiate the settlement, on February 10, 1981, the Bankruptcy Court ruled that the agreement was enforceable, and should be submitted to the Court for review. After extensive review, including multiple briefings and hearings, the Bankruptcy Court concluded that the settlement agreement was not in the best interest of the estate, and denied confirmation. Order of August 28, 1981, vacated and re-entered November 18, 1981. Providers then sought reconsideration, which the Bankruptcy Court denied on March 2, 1982.

On March 12, 1982, Providers appealed the Order Denying Confirmation both as a final and interlocutory order. Thus, Providers filed both a Notice of Appeal in the Bankruptcy Court and a Motion For Leave to Appeal in this court.[1] The motion for leave to appeal was docketed March 12 and

assigned to this Judge. The Notice of Appeal was transmitted to this court, docketed on April 19, and assigned to another judge. The cases were consolidated before this Judge in May, 1982. Because certain portions of the record were filed in the bankruptcy, but not the adversary proceeding, the complete record was not transmitted to this court until July 30, 1982.[2]

## II. APPELLATE PROCEDURE

The appellate procedure established by the Bankruptcy Act of 1978, Pub.L. 95–598, 92 Stat. 2549 ("the Act"), allows parties two levels of appeals before Supreme Court review, and provides several avenues to each appeal level. Bankruptcy court orders may be appealed to a bankruptcy appellate panel, if one exists, 28 U.S.C. § 160 (1976 ed. Supp. III), to a district court, in the absence of a panel, 28 U.S.C. § 1334, or directly to the court of appeals, if the order is final and the parties agree to bypass lower level review, 28 U.S.C. § 1293(b). Generally, if an appeal is first taken to a bankruptcy appellate panel or a district court, appeal may then be sought at the court of appeals, 28 U.S.C. § 1293.

The Act does not take full effect until April, 1984. However, during the transition period before that date, the new appellate procedures are already operative. Bankruptcy Act of 1978 § 405, 92 Stat. 9685.

The Act contains no provisions regarding the procedure for taking appeals from an order of the bankruptcy court. Until new rules are drafted, bankruptcy procedure is governed by the Bankruptcy Rules in effect October 1, 1979, to the extent they do not conflict with the Act, and, pursuant to an

---

1. The Suggested Interim Bankruptcy Rules, which have been adopted as local rules for this court, provide that the district court or appellate panel should treat every appeal under § 1334(a) in the alternative as a motion for leave to appeal under § 1334(b). Rule 8004(d). However, the opportunity for double appeals to occur arises under the Interim Rules because they provide that notice of appeal shall be filed with the bankruptcy court, while a motion for leave to appeal shall be filed with the district court. It takes about five weeks for a notice of

appeal to be transmitted with a record to the district court.
The Proposed Bankruptcy Rules (Prelim. Draft 1982) correct this problem by providing that both a notice of appeal and motion for leave to appeal shall be filed at the bankruptcy court. See proposed Rules 8001, 8003.

2. Although transmittal of the record is not required with a motion for leave to appeal, both parties referred to items in the record in their briefs on the matters raised by the notice of appeal.

order of the Bankruptcy Court, by the Suggested Interim Bankruptcy Rules. Order, October 1, 1979 (Bkrtcy.N.D.Ga.). *See* 1 Collier on Bankruptcy ¶ 3.03(b)[i] (15th ed. 1979) [hereafter this edition is referred to as "Collier"].

In this Circuit, absent a direct appeal to the Court of Appeals, appeals proceed to district courts pursuant to 28 U.S.C. § 1334.[3] The appeals procedure under § 1334 marks a substantial departure from former practice. Under the Bankruptcy Act of 1898 no requirement of finality applied to appeals from a bankruptcy referee's or judge's orders to a district court. Thus, in theory, all orders were immediately appealable, although in practice, appeals of interlocutory orders related to administrative or preliminary matters was discouraged. Nonetheless, a district court's decision to accept an order for review, even one that was preliminary or interlocutory, was not reversible error. 1 Collier, *supra*, ¶ 3.03[f]; *See In re Radtke*, 411 F.Supp. 105 (E.D.Wis.1976).

The appealability of district court orders to the court of appeals turned on whether the order arose from a "proceeding in bankruptcy" or a "controversy arising in a proceeding in bankruptcy." The distinction between proceedings and controversies was extremely fine; in some instances, so fine as to be unfathomable. 1 Collier, *supra* at 3–291–3–294. Despite this confusion, the rule governing appealability was that orders in proceedings in bankruptcy were appealable whether interlocutory or final; orders in "controversies arising in proceedings in bankruptcy" were appealable only to the extent that they could be appealed in ordinary civil actions, as final judgments or as

interlocutory orders appealable under 28 U.S.C. § 1292. Collier, *supra* at 3–290.

Under the new Act, interlocutory appeals to the district court may no longer be taken of right, and appeals from the district court to the court of appeals no longer depend on the distinction between "proceedings" and "controversies." Section 1334(a) provides that the district court has jurisdiction over all final judgments, orders and decrees of the bankruptcy courts. Section 1334(b) provides that the district court has jurisdiction over appeals from interlocutory orders if leave to appeal is obtained from the district court to which an appeal is taken. An order, whether from the district court, or on direct appeal from the bankruptcy court, is appealable to the court of appeals only if it is final. 28 U.S.C. § 1293(b).[4]

The new Act has thus brought bankruptcy appeals procedure closer to the traditional finality doctrines of 28 U.S.C. § 1291. Still, notable exceptions to, and questions about, the finality doctrine remain in bankruptcy proceedings. One such question is whether or how a district court or appellate panel decision denying leave to appeal an interlocutory order is itself appealable under §§ 1292 or 1293. *See Collier, supra* at 3–310 & n. 258b.

## III. THE INSTANT APPEAL

A notice of appeal may be treated in the alternative as a motion for leave to appeal. Rule 8004(d) Suggested Interim Bankruptcy Rules. *See* note 1, *supra*. Moreover, the appellant in this case explicitly sought review under both §§ 1334(a) and 1334(b). Accordingly, this court's task is first to determine whether the order appealed from is

---

**3.** In pertinent part § 1334 states:

§ 1334. Bankruptcy Appeals

(a) The district court for districts for which panels have not been ordered appointed under section 160 of this title shall have jurisdiction of appeals from all final judgments, orders, and decrees of bankruptcy courts.

(b) The district courts for such districts shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken.

**4.** In pertinent part § 1293(b) states:

§ 1293. Bankruptcy appeals

(b) Notwithstanding section 1482 of this title, a court of appeals shall have jurisdiction of an appeal from a final judgment, order, or decree of an appellate panel created under section 160 or a District Court of the United States or from a final judgment, order, or decree of a bankruptcy court of the United States if the parties to such appeal agree to a direct appeal to the court of appeals.

final and appealable as of right. If the order is not final, the court must determine whether leave should be granted for an interlocutory appeal. Obviously, the court might determine if the order is appealable even if interlocutory, without ever determining whether or not the order is final. But a characterization of the order as final or interlocutory, in the first instance by the district courts, and ultimately by the Eleventh Circuit, is crucial to future litigants since, unless a particular type of order is cast as a final order, direct appeal to the court of appeals is not possible under § 1293. *See* Collier, *supra*, at 3–308.

### A. Is The Order Appealed From Final Under § 1334(a)?

At the outset, the court notes that no clear precedent exists as to whether a bankruptcy court's order refusing to approve a settlement pursuant to its powers under Bankruptcy Rule 919 is appealable as a final order under § 1334(a). The parties have found only three bankruptcy appeals which involved a bankruptcy court's refusal to confirm a settlement. In two of these cases the court of appeals allowed appeal without analysis of the appealability of the order at issue. *In re Continental Investment Corporation*, 637 F.2d 8 (1st Cir. 1980); *In re Woodmar Realty Co*, 284 F.2d 815 (7th Cir. 1960). In the third case, *In re Merle's Inc.*, 481 F.2d 1016 (9th Cir. 1973), the court found the order in question was interlocutory, and therefore unappealable because it arose from a controversy in a proceeding in bankruptcy.

■ The basic definition of a final order is an order which leaves nothing to be done except the mechanical entry of judgment by the trial court. *In the Matter of Ben Hyman & Co., Inc.*, 577 F.2d 966 (5th Cir. 1978). By contrast, "[a]n interlocutory order or decree is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." *In re Merle's, Inc.*, 481 F.2d 1016 (9th Cir. 1973).

■ The order denying confirmation of a settlement agreement at issue in this case is not a final order under these standards. The order finally determines the settlement issue, but it does not end the litigation, it does not decide the merits, it does not determine the rights of the parties in the disputed contract, it settles no liability, and establishes no damages. *See* Collier, *supra* at 3–299; 2 Collier on Bankruptcy ¶ 24.38[2] (14th ed., rev. 1976).

■ The appellants suggest, however, that even though the order may not be a final disposition, it is nonetheless appealable as a final order under the collateral order exception to the final judgment rule. *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The collateral order exception allows interlocutory appeals when the appealed order is (1) a final determination of a claim separable from the main action, (2) too important to be denied review; and (3) too independent from the main action to require delayed appellate review. *Id.* at 546, 69 S.Ct. at 1225. *In re Chicken Antitrust Litigation*, 669 F.2d 228, 235 & n.12 (5th Cir. 1982).

■ In deciding the applicability of *Cohen*, the finality issue is to be examined in the light of practical, rather than narrowly technical considerations; *id.*, the question to be reviewed must be serious, unsettled and of general applicability, *Bennett v. Behring Corp.*, 629 F.2d 393, 395 (5th Cir. 1980); and at least part of the question of collateralness is to be determined by the need to secure prompt review in order to protect important interests, *Litton Systems, Inc. v. Southwestern Bell Telephone Company*, 539 F.2d 418, 425 (5th Cir. 1976). Thus, the requirements of the collateral order exception can be summarized as finality, separability, importance and urgency. *See United States v. Gurney*, 558 F.2d 1202, 1207 (5th Cir. 1977).

Considering each of these requirements in turn, the court finds the order of the bankruptcy judge in this case was a "final" decision as to question of whether the set-

tlement was in the best interests of the estate. Whether the order is separable from the main action presents greater difficulties. Although the settlement itself is distinct from the merits, a bankruptcy judge must review proposed settlements in light of the best interests of the estate. This review necessarily includes an assessment of the likelihood of the trustee's success in a trial, and this involves an inquiry into the merits of the main action.

Some courts have managed to review a settlement order without a discussion of the merits. *See, e.g., Norman v. McKee*, 431 F.2d 769, 774 (9th Cir. 1970) (comparison of proposed settlement and complaint). Other courts have noted the inevitability of touching the merits of a dispute in most instances where settlement agreements are reviewed, but have concluded that under the circumstances, the necessity of a "less than penetrating" examination of the merits did not vitiate the separability requirement. *See, e.g., In re General Motors Corporation Engine Interchange Litigation*, 594 F.2d 1106, 1119 (7th Cir. 1979). This court agrees that review of a settlement agreement is not automatically excluded from review under the collateral order exception because the merits will be discussed at some point. In the instant case, however, the court notes that the issues raised on appeal go directly to an in-depth review of the merits.

The requirement that the issues raised be important, generally applicable questions of law is often not raised as a bar to review. Compare *Matter of Covington Grain Company, Inc.*, 638 F.2d 1357 (5th Cir. 1981) (importance not raised) and *Bennett v. Behring Corp.*, 629 F.2d 393 (5th Cir. 1980) (importance raised). Although importance alone may not be determinative, this court fails to see how the bankruptcy court's refusal to confirm the settlement in this case raises generally important questions.[5] The specific objections made by the appellant relate to unremarkable questions of damages, contract interpretation, and the admissibility of parol evidence.

■ The last requirement, urgency, is perhaps the most important. The urgency of an appeal is a function of whether or not the appellant's claim could be vindicated on appeal from final judgment. In one sense, review of an order refusing to confirm is urgent because without an immediate appeal, the parties might lose their opportunity to settle their case on negotiated terms. *See Carson v. American Brands, Inc.*, 450 U.S. 79, 86–88, 101 S.Ct. 993, 997–998, 67 L.Ed.2d 59 (1981). On the other hand, the mere possibility that an appellate court may eventually overturn the results of a trial on the merits, and enforce a pre-trial settlement agreement, does not present an issue of such extraordinary urgency as to justify piecemeal review. *See In re Continental Investment Corporation*, 637 F.2d 1, 5 (1st Cir. 1980).

The appellants failed to advance any authority to show that the appellee might be able to withdraw its consent to the settlement, and bar its enforcement on appeal after trial. Without deciding that issue now, this court must still conclude that the appellants did not show the requisite urgency.

From a practical point of view, the order refusing to confirm the settlement in this case was much like the denial of a summary judgment motion, a classic example of an interlocutory order. Undoubtedly, in some contexts, notably consent decree agreements and class action settlements, immediate appellate review of an order refusing to confirm a settlement is appropriate. *See Carson*, 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59; *United States v. City of Alexandria*, 614 F.2d 1358 (5th Cir. 1980); *In re General Motors Corporation Engine Interchange Litigation*, 594 F.2d 1106 (7th Cir. 1979); *In re Nissan Motor Corporation Antitrust Litigation*, 552 F.2d 1088 (5th Cir. 1977); *Norman v. McKee*, 431 F.2d 769 (9th Cir. 1970).

---

5. While the appeal of the bankruptcy court's order does not raise generally important questions, an appeal of this order's conclusion that the bankruptcy court's order was not final would raise issues justifying certification for appeal under § 1292(b).

■ But in the context of a bankruptcy proceeding such as the instant case presents, the bankruptcy court's refusal to confirm a settlement should not be immediately appealable as of right, as a final order, *see In re Merle's, Inc.,* 481 F.2d 1016 (9th Cir. 1973), and on the present facts, the appellants did not justify appeal under the collateral order exception.

### B. Is the Order Appealable as an Interlocutory Order Under § 1334(b)?

Although § 1334 contains no standards by which to determine whether leave to appeal should be granted, and many new rules will be needed, it has been suggested that 28 U.S.C. § 1292(b) is a useful analogue for decisions on the appealability of interlocutory orders. Collier, *supra* at 3–303–3–307. Adopting this point of view, the court concludes that the standard of appealability under § 1334(b) was intended to be more rigorous than the standard for interlocutory appeals in proceedings in bankruptcy under the Bankruptcy Act of 1898. *Id.*

While adopting § 1292(b) as a useful analogue, the court notes that a statement from the bankruptcy judge, similar to the statement by the district court judge required by § 1292(b) is not necessary or desirable under § 1334(b). *Id.*

■ Applying the test of § 1292(b) to the instant case, the court concludes that Provider's motion for leave to appeal should be denied. The instant appeal does not involve a controlling question of law as to which there is substantial ground for difference of opinion. Rather, the decision whether to oppose the proposed compromise was committed to the discretion of the bankruptcy court. Unless there is a question as to whether the lower court applied the proper legal standards, cases appealing pre-trial issues committed to the discretion of the trial judge are generally weak candidates for interlocutory review. *See* 2 Collier on Bankruptcy ¶ 24.39[2]; *In re Chotiner,* 218 F. 813 (3rd Cir. 1914).

■ On appeal, the bankruptcy court's findings of fact must be accepted, unless clearly erroneous. Bankruptcy Rule 810. Thus, the chief inquiry of the reviewing court is whether the lower court applied the proper legal tests. In the instant case, Providers concedes that the Bankruptcy Court made the correct inquiry—whether the settlement was in the best interest of the estate—and examined the correct criteria to see if that standard was met. Appellants Brief, filed May 14, 1982 at 22.

The only issue raised by Provider's appeal is whether the bankruptcy court abused its discretion in evaluating the criteria. The appellants framed their objections as legal questions concerning the weight to be given policies favoring settlement, the validity of contractual warranties, the admissibility of parol evidence, the validity and adequacy of an indemnity agreement, and the maximum amount of damages which might be obtained. But the essence of the appeal is disagreement with the bankruptcy court's decisions that (1) final answers to these questions required more information, including an audit of American Centennial and (2) that accordingly it could not be said that the estate was best served by a settlement at this time.

The conclusion that orders refusing to confirm settlements are not ordinarily appealable is consistent with decisions under the less rigorous standards of the old Bankruptcy Act. *In re Chotiner,* 218 F. 813; *In re Merle's, Inc.,* 481 F.2d 1016. *See generally In re Durensky,* 519 F.2d 1024, 1028–29 (5th Cir. 1975).

The appellant's suggestion that the bankruptcy court's order was tantamount to an order denying an injunction because granting the motion would have the effect of enjoining a trial, is without merit. The order is not appealable by analogy to 28 U.S.C. § 1292(a).

■ The court agrees with the appellants that strong policies favor negotiated settlement. Nonetheless, a bankruptcy court judge is not required or expected to approve all settlements. When, in the exercise of his discretion, and pursuant to the

proper legal standards, a bankruptcy judge refuses to confirm a settlement, some special circumstances must be shown to justify an interlocutory appeal. No such showing has been made. Moreover, in the present situation, even if the settlement were confirmed, the trial between Providers and American Centennial would have to go forward, and relatively little effort would be saved. Accordingly, leave to appeal in C82–517A is DENIED. The appeal in C82–796A is DISMISSED.