**In re SAN JUAN HOTEL CORPORATION, Debtor.**

**Civ. No. 85–1681 (JAF).**

United States District Court, D. Puerto Rico.

Feb. 20, 1986.

Charles A. Cuprill Hernández, Cond. El Señorial, Ponce, P.R., for defendant.

Francisco A. Besosa, Asst. U.S. Atty., Hato Rey, P.R., and William J. Dean, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

ORDER

FUSTE, District Judge.

This case is before us on an appeal from a bankruptcy court order which authorized the trustee of debtor's estate to bring suit against an ex-trustee of the same, Mr. Héctor M. Rodriguez-Estrada. A controversy arose when the potential defendant impeached the designation of the U.S. Attorney as attorney for plaintiff. The facts are as follows:

The U.S. Attorney presented an ex-parte application for leave to file suit on behalf of trustee against Rodriguez-Estrada for an alleged breach of fiduciary duties causing damages to the finances of the estate. The actual trustee, Hans López Stubbe, presented a motion where he stated that he had no objection to the filing of the suit if it was at no cost to the estate. Rodriguez-Estrada filed an answer to the application in which he basically stated that: (1) The action is one between the United States and Rodriguez-Estrada for failure to pay employment tax for the employees of debtor; (2) the bankruptcy court lacks jurisdiction; and (3) the United States lacks standing to move the court for leave to file a complaint against Rodriguez-Estrada, inasmuch as the trustee is the sole representative of the estate with authority to sue. 2 *Collier on Bankruptcy* § 323.01 at 332–2 (15th ed.). It is also alleged that (a) the United States is estopped from asserting any claim against Rodriguez-Estrada since it tolerated the "situation which it now seeks to have sanctioned"; (b) the United States is barred by laches; (c) the United States has failed to state the date on which the breach of duty on behalf of Rodriguez-Estrada has come into existence; (d) the United States' cause of action is time-barred; and (e) the action sought is not a related proceeding contemplated by 28 U.S.C. §§ 157, 1334.

After said motions were filed, the bankruptcy court held a hearing on March 20, 1985.[1] At said hearing, the trustee consented to being represented by the U.S. Attorneys in the proposed suit[2] as long as the prosecution of the case did not convey any cost to the estate, the United States assumed costs and attorney's fees, and that the monies recovered were to be for the benefit of the estate. The bankruptcy court, after considering the arguments presented by the parties, entered an opinion and order on April 17, 1985. Even though the bankruptcy court did not address the issue of whether Rodriguez-Estrada had standing to challenge the trustee's selection of an attorney, it held that the United States of America could file suit on behalf of trustee Hans López Stubbe. The authorization to sue was given pursuant to Bankruptcy Rule 6009.[3]

On April 23, 1985, Rodriguez-Estrada filed a Notice of Appeal of the order of the bankruptcy court before the district court. Appellant's brief was presented on October 1, 1985 in compliance with Rule 11 of the First Circuit Rules Governing Appeals From Bankruptcy Judges to District Courts. Appellant states as the sole issue that the bankruptcy court erred in granting the ex-parte application of the United States of America for leave to file a complaint on behalf of the trustee. In support of its position, appellant presents the same argument brought before the bankruptcy court, which argument is directed to the merits of the case as such.

I.

First of all, appellant invokes the jurisdiction of this court as to review the case under the provisions of 28 U.S.C. § 158, treating the bankruptcy opinion as a final order. On the other hand, appellee argues that appellant Rodriguez-Estrada lacks standing to challenge the order and requests the dismissal of the appeal. Before we consider the merits of the argument on standing, we first examine whether this court has jurisdiction to entertain the present appeal.

II.

Contrary to the appellant's contention, the review herein sought is not from a final

1. The transcript of proceedings has been made part of the appeal brief.

2. Said suit has been filed in this court under Civil No. 85–1089 (JAF), where Hans López, trustee, appears as plaintiff on behalf of debtor San Juan Hotel Corp.

3. Said Rule 6009 establishes that:

With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor or commence *and prosecute any action or proceeding in behalf of the estate before any tribunal.* (Emphasis supplied)

and dispositive order over a subject matter to which finality is given. The order of the bankruptcy court merely gave the trustee a right to initiate a suit using as counsel the U.S. Attorney. The determination of whether said order is final or interlocutory is a question of fact, which is to be passed upon by examining all the circumstances surrounding the bankruptcy proceeding. Bankruptcy litigation is not similar to other civil litigation; it involves complex, multi-party litigation with many distinct controversies, each of which may stand sufficiently apart from the rest of the litigation so as to warrant treating that order which resolves it as final. *In re Saco Local Development*, 711 F.2d 441 (1st Cir.1983). (Claims fairly severable form the context of a larger litigious process are reviewable on appeal).

Contrary to the jurisdiction given by section 158 of Title 28 to the circuit courts in appeal of bankruptcy orders, only the district courts and appellate panels have discretionary jurisdiction to entertain appeals from:

"Interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under *section 157* of this Title." (Emphasis supplied).

■ The criteria established to determine whether an order is final is whether the order fixes the right of parties to the relief sought. *In the Matter of Fondiller*, 707 F.2d 441 (9th Cir.1983). The general rule is that when an order merely disposes of an incidental procedural matter during the proceedings in the bankruptcy court, it shall not be treated as final. *In re Kutner*, 656 F.2d 1107, 1111 (5th Cir.1981).

Even though 28 U.S.C. 157(a) establishes that the district court has jurisdiction to consider an interlocutory order, said authority is to be exercised when the moving party has shown to the court that such action is warranted by the facts of the case. Our search on the subject has shed no light on which are the criteria to be followed for the district court's exercise of jurisdiction in said cases. The trend is to use this power when appellant has made a showing of exceptional circumstances sufficient to "warrant departure from the policy of discouraging interlocutory appeals." *In re National Shoes, Inc.*, 20 B.R. 672 (Bktcy.App.1982); *In re Den-Col. Cartage & Distribution Inc.*, 20 B.R. 645 (1982); 1 *Collier on Bankruptcy* § 3.03 at 127.

In cases of interlocutory appeals, the courts have refused to review when the order, judgment or decree:

(1) [does] not substantially determine some issue or decide some step in the course of the proceeding;

(2) when the bankruptcy court has applied proper legal standards and as such decision is not clearly erroneous.

*Providers Benefit Life Ins. Co. v. Tidewater Group, Inc.*, 22 B.R. 500, 7 C.B.C.2d 230 (N.D.La.1982), *aff'd* 734 F.2d 794 (11th Cir.1984).

It has also been held that in considering an application for leave to appeal, the function and duty of the district court is not to consider the merits of the order under scrutiny but rather to determine whether the bankruptcy court has stated some rational or reasonable basis for its decision or whether, on the other hand, the applicant has shown that the bankruptcy court acted arbitrarily or capriciously abused its discretion.

### III.

■ Appellant contests the bankruptcy court's order which authorizes the trustee to file suit against the ex-trustee. The controversy arises in relation to the capacity of the U.S. Attorney to be the legal representative of the estate.

Examining the nature of the order, we conclude that said order is not surrounded by the finality or exceptional conditions which would warrant our intervention. The bankruptcy court's decision is based on sound and legal grounds and is not arbitrary nor clearly erroneous.

Even though Rule 8012 of the Bankruptcy Rules and Rule 15 of the First Circuit Rules Governing Appeals establish as a

general rule that a hearing should be held on appeals from bankruptcy proceedings, in the present case a hearing or oral argument is not necessary. See the exceptions recognized under Rule 8012(1) and (3).

■ We conclude that, in order to review an interlocutory order, appellant must show that said order is surrounded by a degree of finality similar to a final order or judgment and/or that the bankruptcy court applied a clearly erroneous standard to determine the case. That being the case, we do not reach the argument on the issue of standing raised by appellant. Under the authority granted to this court by Rule 8003(c) of the Bankruptcy Rules, we consider the timely-filed Notice of Appeal as a motion for leave to appeal. The same is hereby DENIED. Appellee's Motion to Dismiss becomes MOOT. Costs are to be imposed on appellant.

IT IS SO ORDERED.