**In re TRI–STATE PLANT FOOD, INC., Debtor.**

**Clyde C. Turner, Jr., et al., Plaintiffs,**

**v.**

**Tri–State Plant Food, Inc., Defendant.**

**Bankruptcy No. 00–2778–WRS.**
**CIV. A. No. 01–D–931–N.**

United States District Court,
M.D. Alabama,
Southern Division.

Aug. 8, 2001.

William C. Carn III, Douglas M. Bates, Rufus Smith, Jr., Dothan, AL, L. Andrew Hollis, Jr., Pittman, Hooks, Dutton & Hollis, Birmingham, AL, for The Turner Class.

Johnny B. Davis, Dothan, AL, Michael D. Petway, M. Clay Ragsdale, Birmingham, AL, for The Morris Class.

Collier H. Espy, Jr., James Davis Farmer, Elizabeth B. Glasgow, Edward M. Price, Dothan, AL, for Tri–State Plant Food.

## ORDER

DE MENT, District Judge.

Before the court is Debtor/Defendant Tri–State Plant Food's [1] Motion For Leave To Appeal, which was filed July 13, 2001. A class of plaintiffs filed an objection July 26, 2001. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that the motion is due to be denied.

## I. DISCUSSION

Settlement of this mass tort case presents a trilateral conflict between Debtor–Defendant Tri–State and two classes of plaintiffs, which are referred to as the Turner Class and the Morris Class.[2] The classes seek relief from Tri–State's tortious releases of anhydrous ammonia from its fertilizer plant. The releases caused temporary evacuations of more than 1000 people, triggered massive investigations by EPA and OSHA, led to scores of lawsuits, and ultimately precipitated Tri–State's bankruptcy filing.

The Turner Class and the Morris Class each consist of hundreds of plaintiffs, and U.S. Bankruptcy Judge William Sawyer has expressed concern that class counsel may lack the ability to adequately protect their clients' interests.[3] At issue here is a proposed $300,000 settlement between Tri–State and the Turner Class. The bankruptcy court held a fairness hearing and found that more than 100 class members objected, that counsel did not produce "even one class member who would take the stand and give oral testimony, subject to cross examination, in favor of the settlement," and that the overall settlement "appears to be designed to give tort claimants treatment which is less favorable than other unsecured creditors" and "is flawed because it does not adequately protect the interests of the tort claimants."[4] Therefore, Judge Sawyer disapproved the proposal.

■ Tri–State asks the undersigned judge to review the bankruptcy court's rejection of the settlement, which *In re Tidewater Group*, 22 B.R. 500 (N.D.Ga. 1982), *aff'd*, 734 F.2d 794 (11th Cir.1984), teaches is not a final order and does not fall within any judicially-created "collateral order" exception to the rule. *See* 734 F.2d at 797 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). Thus, in reviewing Tri–State's motion for interlocutory appeal, the court applies the same standard as an appellate court reviewing a similar motion from a district court's order. *See*

---

1. "Tri–State."

2. The Morris class has not been certified, but the tone of Judge Sawyer's opinion suggests that certification is likely, and the court proceeds on this assumption. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1263 n. 7 (11th Cir.2000).

3. Mot. Ex. I at 3, 5 & nn. 1, 3.

4. *Id.* at 18, 21. A sizeable segment of the Turner Class wants to see the plant shut down completely. (Mot. at 11.)

*In re Empresa de Transp. Aero del Peru,* 263 B.R. 367, 375 (S.D.Fla.2001); *Powe v. Chrysler Fin'l Corp.,* 2000 WL 726903 at *1 (S.D.Ala.2000).

There is a firm federal policy against piecemeal litigation. Leave to appeal is to be granted "if there are controlling questions of law as to which there are substantial grounds for difference of opinion and if an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). The court finds that Tri–State has shown no substantial grounds for its instant appeal.

█ A class action binds the class forever, and the settlement process is susceptible to certain types of abuse. Thus, the Due Process Clause imposes upon the court a heavy, independent duty to insure that settlements are fair, adequate, and reasonable. The court must consider the views of the class members and class counsel, the substance and amount of opposition to the settlement, the possible existence of collusion, the likelihood of success at trial, the complexity, expense, and likely duration of the lawsuit, and the range of possible recovery by the parties. *See Shuford v. Alabama St. Bd. of Educ.,* 897 F.Supp. 1535, 1548 (M.D.Ala.1995). The issues raised in Tri–State's appeal would require an in-depth review of the merits. Given that the settlement does not dispose of all claims brought by all plaintiffs, interlocutory review would needlessly delay the case and waste judicial resources. Thus, such an appeal is disfavored. *See In re Tidewater,* 22 B.R. at 504–05.

█ A party may possibly overcome this disfavorment if the appeal raises an important or urgent matter. Tri–State has not done so. The proposed settlement does not include injunctive relief, which, if denied, may result in irreparable harm while the parties negotiate further. *See State of N.Y. v. Dairylea Co–op., Inc.,* 698 F.2d 567, 570 (2d Cir.1983). Tri–Star will not suffer irreparable harm, either. Tri–State argues that prolonged litigation will deplete its assets, but if the mere inability to settle could establish irreparable harm, then an appeal would follow every denial of a proposed settlement. *See id.* Moreover, a corporation has no legitimate interest in buying peace with a settlement that the bankruptcy judge finds is inadequate.

█ A court is within its discretion to disapprove a class settlement when the court finds appreciable opposition from the class members themselves. *See, e.g., Reynolds v. King,* 790 F.Supp. 1101, 1108 (M.D.Ala.1990). The undersigned judge shares Judge Sawyer's concerns that "[t]he proposed settlement would not, in any way, advance the primary interest of a majority of the class members," because, among other things, these plaintiffs "were most interested in injunctive relief to prevent further discharge of noxious fumes from the Tri–State plant," and the settlement speaks to no such relief.[5] The court also is confident that when the bankruptcy court reviews any subsequent settlement, it will be mindful that its task " 'is not to decide whether the proposed consent decree is the best deal possible,' but to determine whether, at a minimum, it is fair, adequate, and whether it is legal." *Id.* at 1105 (quoting *Paradise v. Wells,* 686 F.Supp. 1442, 1447 (M.D.Ala.1988)).

## II. ORDER

It is CONSIDERED and ORDERED that Tri–State's Motion For Leave To Ap-

5. Mot. Ex. I at 18.

peal be and the same is hereby DENIED. The Clerk of Court shall close this case.